**Rod Lee SMITH, Appellant,**

v.

**STATE of Texas, et al., Appellee.**

**No. 10–95–210–CV.**

Court of Appeals of Texas,
Waco.

May 29, 1996.

Rehearing Overruled June 19, 1996.

Rod Lee Smith, Waco, pro se.

Allison H. Eccles, Asst. Attorney General, Austin, for appellee.

Before CUMMINGS and VANCE, JJ.

## OPINION

PER CURIAM.

The court granted a plea to its jurisdiction and dismissed Rod Smith's suit against the State, the Attorney General's Office, the Child Support Enforcement Division, Dan Morales and two assistant attorney generals (the defendants). Because we conclude that the defendants did not raise a jurisdictional bar to Smith's suit justifying dismissal, we reverse the order and remand this cause for further proceedings.

Smith sued the defendants alleging negligence and violation of his constitutional and civil rights in the course of a 1991 paternity suit brought against him by the AG's office. As part of their original answer, the defendants filed a plea to the jurisdiction, arguing that the court did not have jurisdiction based on theories of sovereign and official immunity, res judicata, and the statute of limitations. Also included in this instrument were special exceptions to Smith's petition, a general denial, and several affirmative defenses. The court granted the defendant's plea and dismissed Smith's suit with prejudice. Smith appeals on eight points of error.

■ As the defendants correctly observe, there is no indication that the court sustained the special exceptions. Thus, Smith does not bear the burden of attacking both a ruling on the special exceptions and then the dismissal, but must only show that the court's action in dismissing his suit was unjustified.[1] *See Cole v. Hall,* 864 S.W.2d 563, 566 (Tex.App.— Dallas 1993, writ dism'd w.o.j.). In his third point, Smith attempts to attack each of the reasons set forth in the defendant's plea as a reason for dismissing his suit. Because we must construe the point and argument liberally, and because the defendants' brief addresses the merits of the court's action, we conclude that Smith has properly challenged the court's authority to dismiss his lawsuit based on each of the theories asserted in the plea to the jurisdiction. TEX.R.APP.P. 74(p); *Bruckner Truck Sales v. Farm Credit Leasing Services Corp.,* 909 S.W.2d 75, 78 (Tex. App.—Amarillo 1995, no writ).

■ The defendants argued that the court did not have jurisdiction because Smith's claims were barred by sovereign immunity. However, "sovereign immunity may not be asserted as a jurisdictional obstacle to the trial court's power to hear cases against governmental defendants."[2] *Davis v. City*

---

1. We note, however, that Smith has asserted in his seventh point of error that the court erred by sustaining the defendants' special exceptions and dismissing his suit without giving him the opportunity to replead. We will not reach this point now due to our holding on his third point.

2. We recognize that other court's have questioned the value of this holding. *Morris v. Collins,* 916 S.W.2d 527, 531 n. 3 (Tex.App.—Houston [1st Dist.], 1995, n.w.h.); *Southwest Airlines v. Texas High–Speed Rail Auth.,* 867 S.W.2d 154, 158 n. 6 (Tex.App.—Austin 1993, writ denied). The Austin court has suggested that *Davis* is

of San Antonio, 752 S.W.2d 518, 520 (Tex. 1988). Thus, the court could not properly dismiss the suit on this ground. The defendants also raised official immunity, res judicata and the statute of limitations as reasons for dismissing the suit. All three of these theories are well recognized affirmative defenses. TEX.R.CIV.P. 94; *City of Lancaster v. Chambers*, 883 S.W.2d 650, 653 (Tex.1994); *Texacadian Energy v. Lone Star Energy Storage Inc.*, 829 S.W.2d 369, 371 (Tex. App.—Corpus Christi 1992, writ denied). Affirmative defenses are "pleas in bar," and do not provide a justification for summary dismissal on the pleadings. *Kelley v. Bluff Creek Oil Company*, 158 Tex. 180, 309 S.W.2d 208, 214–15 (1958); *Union Pacific Fuels, Inc. v. Johnson*, 909 S.W.2d 130, 134 (Tex.App.—Houston [14th Dist.] 1995, no writ); *State v. Narvaez*, 900 S.W.2d 846, 847 (Tex.App.—Corpus Christi 1995, no writ). Thus, none of the theories set forth in the defendants' plea to the jurisdiction provide a basis for *dismissing* Smith's suit.

Because the court could not dismiss Smith's lawsuit on the basis of the defendants' plea to the jurisdiction, we sustain point three and reverse the court's order. We do not reach Smith's other points as they are mooted by this disposition.

precedential as to the waiver of immunity from *liability,* but only dicta as to waiver of immunity from *suit. Southwest Airlines,* 867 S.W.2d at 158 n. 6. We do not agree with this view of *Davis.*

Davis sued the city of San Antonio for malicious prosecution. After the jury returned a verdict in his favor, the court granted the city a take-nothing judgment notwithstanding the verdict reasoning that the city was immune from liability even though it had failed to plead its sovereign immunity defense. The court of appeals upheld the trial court's ruling, because "[i]mmunity from suit for claims arising out of intentional torts is preserved for governmental units" under the Texas Tort Claims Act; thus, the city was "immune from liability for the tort of malicious prosecution." *Davis v. City of San Antonio,* 739 S.W.2d 394, 396 (Tex.App.—San Antonio 1987), *rvs'd,* 752 S.W.2d 518 (Tex.1988) (citing TEX.CIV.PRAC. & REM.CODE ANN. § 101.057(2) (Vernon 1986)). Because there was no factual dispute which would preclude the city's defense, and the defense was available "as a matter of law," the court held that the city did not waive the theory by failing to raise it in its answer. *Id.* at 397. Thus, the court of appeals relied on the city's immunity from suit and liability in upholding the trial court's order.

The supreme court reversed both of the lower courts, holding that the city's failure to plead sovereign immunity waived its right to rely on that defense. *Davis v. City of San Antonio,* 752 S.W.2d 518, 519 (Tex.1988). Relying on *Duhart v. State,* 610 S.W.2d 740 (Tex.1980), the city argued before the supreme court that the trial court lacked "jurisdiction to *hear* a claim for damages" absent a waiver of sovereign immunity. *Davis,* 752 S.W.2d at 520 (emphasis added). The supreme court asserted that *Duhart* did not hold that the trial court lacked subject matter jurisdiction, and went on to "conclude that sovereign immunity may not be asserted as a jurisdictional obstacle to the trial court's power to hear cases against governmental defendants." *Id.*

Because subject matter jurisdiction may be raised at any time, the court necessarily had to address the jurisdictional aspects of the city's argument in route to holding that the city waived its right to rely on sovereign immunity. *See Tex. Ass'n of Business v. Air Control Bd.,* 852 S.W.2d 440, 445 (Tex.1993). Absent a conclusion that sovereign immunity was not a "jurisdictional obstacle," the court could not have found that the defense can be waived. Moreover, if the city's immunity from suit was not waived, immunity from liability would never have been at issue. *Cf. Green Intern, Inc. v. State,* 877 S.W.2d 428, 432–33 (Tex.App.—Austin 1994, writ dism'd). Thus, we disagree with the Austin court's suggestion that this portion of *Davis* is dicta, and we are obligated to apply the supreme court's holding to the cause before us now. Even if, as we believe, this holding in *Davis* is an incorrect statement of the law, we cannot alter or refuse to apply it; only the supreme court can do that. *Lester v. First American Bank,* 866 S.W.2d 361, 364 (Tex.App.—Waco 1993, writ denied); *cf. Texas Ass'n of Business,* 852 S.W.2d at 445; *Liberty Mut. Ins. Co. v. Sharp,* 874 S.W.2d 736, 738–39 (Tex.App.—Austin 1994, writ denied).