**TEXAS DEPARTMENT OF
TRANSPORTATION,
Appellant,**

**v.**

**Stephen JONES, Appellee.**

**No. 13–98–236–CV.**

Court of Appeals of Texas,
Corpus Christi.

Dec. 3, 1998.

Rehearing Overruled Jan. 7, 1999.

Hector J. Flores, Asst. Atty. Gen., Highway Division, Austin, for Appellant.

Dale Kasofsky, Thornton, Summers, Biechlin, Dunham & Brown, McAllen, for Appellee.

Before Justices HINOJOSA, YAÑEZ and RODRIGUEZ.

## OPINION

Justice HINOJOSA.

This is an interlocutory appeal from the trial court's denial of a plea to the jurisdiction filed by appellant, the Texas Department of Transportation ("TXDOT"). In a single issue, TXDOT contends the trial court erred in denying the plea. We affirm.

On July 21, 1997, appellee, Stephen Jones, filed a complaint in small claims court against TXDOT. Jones alleged his windshield had been cracked by rocks thrown from the tires of a vehicle as it passed him, and that tar covered the sides of his car. Jones also alleged the roadway on which he was traveling had recently been under construction by TXDOT. Jones sought to recover from TXDOT damages in the amount of $272.40 and court costs of $55.00. TXDOT generally denied the allegations and asserted sovereign immunity as an affirmative defense. On September 12, 1997, the small claims court rendered judgment against TXDOT in the amount of $327.40.

TXDOT appealed the judgment to the county court at law and later filed a plea to the jurisdiction contending the court lacked jurisdiction to hear the case because, as an agent of the State, TXDOT is entitled to sovereign immunity. The county court at law denied TXDOT's plea, and this appeal ensued.

■ Under Texas procedure, appeals are allowed only from final orders or judgments. *Jack B. Anglin Co. v. Tipps,* 842 S.W.2d 266, 272 (Tex.1992); *North East Indep. Sch. Dist. v. Aldridge,* 400 S.W.2d 893, 895 (Tex.1966). Unless a statute specifically authorizes an interlocutory appeal, Texas appellate courts have jurisdiction only over final judgments. *Cherokee Water Co. v. Ross,* 698 S.W.2d 363, 365 (Tex.1985) (orig.proceeding); *Aldridge,* 400 S.W.2d at 895; *City of Mission v. Ramirez,* 865 S.W.2d 579, 581 (Tex.App.—Corpus Christi 1993, no writ). Section 51.014 of the civil practice and remedies code specifically allows the appeal of various interlocutory orders, including an order that "grants or denies a plea to the jurisdiction by a governmental unit as that term is defined in Section 101.001." TEX.

CIV. PRAC. & REM.CODE ANN. § 51.014(a)(8) (Vernon Supp.1998).

■ By enacting the Texas Tort Claims Act, the legislature expressly waived the state's immunity to suits by injured claimants and consented to liability under specified circumstances. *See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 101.021, 101.025 (Vernon 1997).

■ The Texas Supreme Court has held that sovereign immunity may not be asserted as a jurisdictional obstacle to a trial court's power to hear cases against governmental defendants. *Davis v. City of San Antonio,* 752 S.W.2d 518, 520 (Tex.1988); *see Smith v. State,* 923 S.W.2d 244, 245–46 (Tex.App.—Waco 1996, writ denied). Instead, erroneous judgments against governmental units may be corrected, as in other cases, on appeal. *Davis,* 752 S.W.2d at 520.

We note, as did the Waco Court of Appeals, that other courts have questioned *Davis. See Smith v. State,* 923 S.W.2d 244, 245 n. 2 (Tex.App.—Waco 1996, writ denied) (citing *Morris v. Collins,* 916 S.W.2d 527, 531 n. 3 (Tex.App.—Houston [1st Dist.] 1995, no writ) and *Southwest Airlines v. Texas High–Speed Rail Auth.,* 867 S.W.2d 154, 158 n. 6 (Tex.App.—Austin 1993, writ denied)). We agree with our sister court in Waco that the language in *Davis* cannot be construed as dicta. *See Smith,* 923 S.W.2d at 245 n. 2 (explaining that "[a]bsent a conclusion that sovereign immunity was not a 'jurisdictional obstacle,' the court could not have found that the defense can be waived. Moreover, if the city's immunity from suit was not waived, immunity from liability would never have been at issue.").

■ Although section 51.014(a)(8) of the civil practice & remedies code refers to section 101.001 of the Texas Tort Claims Act, *see* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(8) (Vernon Supp.1998), we do not interpret this reference as legislative intent to include sovereign immunity as a basis for a plea to the jurisdiction. Section 51.014(a)(8) provides an interlocutory appeal from a denial or grant of a "plea to the jurisdiction by a governmental unit *as that term is defined* in Section 101.001." *Id.* Ac-

cording to the plain language of this subsection, an interlocutory appeal is available only when a governmental unit, as defined in section 101.001, is a party to the case and has raised a plea to the jurisdiction. A plea to the jurisdiction is appropriate when a governmental unit believes the trial court lacks subject matter jurisdiction. *See City of Austin v. L.S. Ranch, Ltd.*, 970 S.W.2d 750, 752 (Tex.App.—Austin 1998, no pet. h.).[1]

■ Because sovereign immunity may not be asserted as a jurisdictional obstacle to a trial court's power to hear a case against a governmental defendant, we conclude the

county court at law did not err in denying TXDOT's plea to the jurisdiction. TXDOT's sole issue is overruled.

We affirm the order of the county court at law denying TXDOT's plea to the jurisdiction.

---

[1] The Austin Court of Appeals has held that section 51.014(a)(8) should not be limited to situations in which sovereign immunity was the asserted basis for the plea to the jurisdiction. *See City of Austin v. L.S. Ranch, Ltd.*, 970 S.W.2d 750, 753 (Tex.App.—Austin 1998, no pet. h.). In that case, the City of Austin contended the trial court lacked jurisdiction because no justiciable controversy was raised. L.S. Ranch argued that the court of appeals could not consider the interlocutory appeal because section 51.014(a)(8) applied only when a plea to the jurisdiction was based on sovereign immunity. The court of appeals noted that legislative history is not "sufficiently clear" to restrict the statute. *Id.* The court explained that the meaning of a statutory term should not be enlarged beyond its ordinary meaning if legislative intent can be determined from a reasonable construction of the statute as written. *Id.* (citing *Sorokolit v. Rhodes*, 889 S.W.2d 239, 241 (Tex.1994) and *Hunter v. Fort Worth Capital Corp.*, 620 S.W.2d 547, 552 (Tex. 1981)). The court of appeals concluded the interlocutory appeal was proper under section 51.014(a)(8).