**TEXAS DEPARTMENT OF TRANSPORTATION, Petitioner,**

v.

**Stephen JONES, Respondent.**

No. 99–0126.

Supreme Court of Texas.

Dec. 2, 1999.

Susan Desmarais Bonnen, Kurt Howard Kuhn, John Cornyn, Hector J. Flores, Andy Taylor, Linda Eads, Grady Click, Gregory S. Coleman, Julie Caruthers Parsley, Austin, for Petitioner.

Dale S. Kasofsky, McAllen, for Respondent.

PER CURIAM.

Today we reaffirm that governmental immunity from suit defeats a trial court's subject matter jurisdiction and thus is properly asserted in a plea to the jurisdiction. Without considering the merits of the Texas Department of Transportation's plea to the jurisdiction, the court of appeals in this case held otherwise and affirmed the trial court's denial of the Department's plea. *Texas Dept. of Trans. v.*

*Stephen Jones,* 983 S.W.2d 90 (Tex.App.-Corpus Christi, 1998). We therefore reverse the court of appeals' judgment and remand this cause to that court for proceedings consistent with this opinion.

Stephen Jones sued the Texas Department of Transportation for damage to his car, which he alleges resulted from driving it on a recently resurfaced road. The justice of the peace court rendered judgment against the Department for $327.40. The Department appealed to the county court at law, where it filed a motion for summary judgment and a plea to the jurisdiction contending that because Jones' claim did not fall within the waiver of immunity from suit in the Texas Tort Claims Act, the court lacked jurisdiction. Both were denied. The Department then filed an interlocutory appeal from the denial of its plea to the jurisdiction.[1] The court of appeals affirmed the denial, holding that immunity from suit is not a jurisdictional bar and thus could not be asserted in a plea to the jurisdiction. 983 S.W.2d 90. The Department complains in this Court about the court of appeals' refusal to consider the merits of its plea.

In support of its ruling, the court of appeals relied on *Davis v. City of San Antonio,* 752 S.W.2d 518 (Tex.1988). The court interpreted *Davis* as holding that immunity from suit is not "a jurisdictional obstacle to a trial court's power to hear cases against governmental defendants," thus making a plea to the jurisdiction, which contests a trial court's subject matter jurisdiction, an improper vehicle for asserting immunity from suit. 983 S.W.2d at 91–92. We disagree with this interpretation of *Davis.*

In *Davis,* the plaintiff sued the City of San Antonio for, among other things, malicious prosecution. The jury found for the plaintiff, but the trial court granted the

---

1. Texas Civil Practice & Remedies Code § 51.014 allows the interlocutory appeal of an order that "grants or denies a plea to the jurisdiction by a governmental unit as that term is defined in Section 101.001." Tex. Civ. Prac. & Rem.Code § 51.014(a)(8). Jurisdiction in this Court is proper because the court of appeals' judgment conflicts with decisions of this Court and other courts of appeals. *See* Tex. Gov't Code § 22.001(a)(2).

City's motion for judgment notwithstanding the verdict on the ground that the City was immune from liability. The court of appeals agreed, concluding that the City was immune from liability as a matter of law. *Davis v. City of San Antonio*, 739 S.W.2d 394, 397 (Tex.App.—San Antonio 1987), *rev'd*, 752 S.W.2d 518 (Tex.1988). Our review concerned the City's ability to avoid liability when it failed to raise immunity until it filed a motion for judgment notwithstanding the verdict. *Davis*, 752 S.W.2d at 519. We held that "sovereign immunity may not be asserted as a jurisdictional obstacle to a trial court's power to hear cases against governmental defendants" and that by failing to plead immunity, the City waived its ability to rely on that defense. *Id.* at 519–20. While neither our holding nor our analysis distinguished between immunity from liability and immunity from suit, our description of the lower court proceedings in *Davis* reveals that the component of governmental immunity at issue in that case was immunity from liability, not immunity from suit. *See id.* at 519.

■■■ Immunity from liability and immunity from suit are two distinct principles. Immunity from liability protects the state from judgment even if the Legislature has expressly consented to the suit. *Federal Sign v. Texas S. Univ.*, 951 S.W.2d 401, 405 (Tex.1997); *see Missouri Pac. R.R. Co. v. Brownsville Navigation Dist.*, 453 S.W.2d 812, 813 (Tex.1970). Like other affirmative defenses to liability, it must be pleaded or else it is waived. *Davis*, 752 S.W.2d at 519–20; *see* Tex.R. Civ. P. 94. Immunity from liability does not affect a court's jurisdiction to hear a case. *See Davis*, 752 S.W.2d at 520.

■■■ In contrast, immunity from suit bars an action against the state unless the state expressly consents to the suit. *Federal Sign*, 951 S.W.2d at 405; *Missouri Pac.*, 453 S.W.2d at 814. The party suing the governmental entity must establish the state's consent, which may be alleged either by reference to a statute or to express legislative permission. *See Missouri Pac.*, 453 S.W.2d at 814; *Ntreh v. University of Tex. at Dallas*, 936 S.W.2d 649, 651 (Tex. App.—Dallas 1996), *rev'd in part on other grounds*, 947 S.W.2d 202 (Tex.1997). Since as early as 1847, the law in Texas has been that absent the state's consent to suit, a trial court lacks subject matter jurisdiction. *See Federal Sign*, 951 S.W.2d at 403; *Duhart v. State*, 610 S.W.2d 740, 741 (Tex.1980); *Missouri Pac.*, 453 S.W.2d at 814; *Walsh v. University of Tex.*, 169 S.W.2d 993, 994 (Tex.Civ.App.—El Paso 1942, writ ref'd); *Hosner v. DeYoung*, 1 Tex. 764, 769 (1847). A party may contest a trial court's subject matter jurisdiction by filing a plea to the jurisdiction. *Amador v. San Antonio State Hosp.*, 993 S.W.2d 253, 254 (Tex.App.—San Antonio 1999, pet. denied); *State v. Benavides*, 772 S.W.2d 271, 273 (Tex.App.—Corpus Christi 1989, writ denied).

■■■ Nevertheless, the court of appeals construed *Davis* as preventing a governmental defendant from contesting in a plea to the jurisdiction whether the state has waived immunity from suit. This construction is incorrect. When *Davis* is read in light of its procedural history, it is entirely consistent with the well-established legal principle that immunity from suit raises a jurisdictional bar. *Davis* concerned only immunity from liability· and not, as the court of appeals understandably inferred, immunity from suit.[2] We there-

---

2. Indeed, *Davis* has been the subject of other various interpretations as courts have strived to reconcile it with seemingly inconsistent precedent. *Compare Dallas County Community College Dist. v. Bolton*, 990 S.W.2d 465, 468 & n. 3 (Tex.App.—Dallas 1999, no pet.)(concluding that *Davis* applies to immunity from liability), *and Southwest Airlines Co.*

*v. Texas High–Speed Rail Auth.*, 867 S.W.2d 154, 158 & n. 6 (Tex.App.—Austin 1993, writ denied) (acknowledging that *Davis* concerns immunity from liability and treating as dicta discussion of immunity from suit), *with City of San Antonio v. Cortes*, 5 S.W.3d 708 (Tex. App.—San Antonio 1999, no pet.)(attempting to reconcile *Davis* with precedent), *and Mor-*

fore reaffirm that immunity from suit defeats a trial court's subject matter jurisdiction and thus is properly asserted in a plea to the jurisdiction. We further disapprove of *Smith v. State*, 923 S.W.2d 244 (Tex. App.—Waco 1996, writ denied), which construed *Davis*, like the court of appeals did here, as applying to immunity from suit.

 The Department based its plea to the jurisdiction on its immunity from suit. Because governmental immunity from suit defeats a trial court's subject matter jurisdiction, the court of appeals erred in affirming the denial of the Department's plea without first determining whether Jones' pleadings state a claim under the Texas Tort Claims Act. Accordingly, without hearing oral argument, *see* TEX.R.APP. P. 59.1, we grant the Department's petition for review, reverse the court of appeals' judgment, and remand this cause to the court of appeals for proceedings consistent with this opinion.

*ris v. Collins*, 916 S.W.2d 527, 531 & n. 3 (Tex.App.—Houston [1st Dist.] 1995, no writ)

(O'Connor, J., concurring) (interpreting *Davis* as applying to immunity from suit).