Texas Departmental of Mental Health and Mental Retardation, et al. v. Joy Pearce
















IN THE
TENTH COURT OF APPEALS
 

No. 10-99-156-CV

     TEXAS DEPARTMENT OF 
     MENTAL HEALTH AND 
     MENTAL RETARDATION, ET AL., 
                                                                         Appellants
     v.

     JOY PEARCE,
                                                                         Appellee 
 

From the 87th District Court
Limestone County, Texas
Trial Court # 25,218B
                                                                                                                
                                                                                                            
O P I N I O N
                                                                                                                
   
      Joy Pearce filed a wrongful death suit against the Department of Mental Health and Mental
Retardation (“MHMR”), Mexia State School (the “School”), and certain employees of the
School after her adult son Robert, a resident of the School, died from the ingestion of
medication prescribed for Sheldon Harris, one of the defendant employees. Robert allegedly
removed the medication from the pocket of Harris’s coat after Harris hung it on a hook on
Robert’s bedroom door. The court denied a plea to the jurisdiction premised on sovereign
immunity, which was filed by MHMR, the School, and the individual defendants other than
Harris.


 These defendants bring this interlocutory appeal from the court’s denial of their plea
to the jurisdiction. See Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (Vernon Supp.
2000).
BACKGROUND
      According to Pearce’s petition, Harris entered Robert’s bedroom on January 18, 1997 and
hung his coat on a hook on the door.


 He left a bottle of prescription medicine in his coat
pocket. Robert found the bottle and ingested between seventy and ninety pills. He died the
next day as a result of ingesting the medication.
      Pearce filed suit in April 1998. She named as defendants MHMR, the School, Harris,
Harris’s immediate supervisor Evelyn Thomas, and the School’s superintendent William
Lowry. The Attorney General filed an answer on behalf of all the defendants except Harris. 
These defendants (collectively, “Appellants”) generally denied the allegations of Pearce’s suit
and specifically pleaded sovereign and official immunity as affirmative defenses. Harris filed a
general denial.
      After the parties conducted some discovery, Appellants filed a “Plea to the Jurisdiction
and Motion to Dismiss.” In this pleading, MHMR and the School assert that the Tort Claims
Act does not waive their immunity from suit because Robert’s death was not caused by
Harris’s “use of tangible personal or real property.” See Tex. Civ. Prac. & Rem. Code
Ann. §§ 101.021(2), 101.025(a) (Vernon 1997). In the prayer, Lowry and Thomas request
dismissal of Pearce’s claims against them under section 101.106 of the Tort Claims Act. Id. §
101.106 (Vernon 1997). After hearing, the court denied the plea to the jurisdiction/motion to
dismiss.
PROPRIETY OF APPELLANTS’ PLEA TO THE JURISDICTION

      Pearce argues that a plea to the jurisdiction is not the proper vehicle by which a
governmental entity raises a claim of sovereign immunity. She relies on a 1996 decision of
this Court and a more recent decision from the Corpus Christi Court to support this claim. See
Smith v. State, 923 S.W.2d 244 (Tex. App.—Waco 1996, writ denied) (per curiam); see also
Texas Dep’t of Transp. v. Jones, 983 S.W.2d 90 (Tex. App.—Corpus Christi 1998), rev’d, 8
S.W.3d 636 (Tex. 1999) (per curiam).
      In Smith, we held that “sovereign immunity may not be asserted as a jurisdictional
obstacle to the trial court’s power to hear cases against governmental defendants.” Smith, 923
S.W.2d at 245 (quoting Davis v. City of San Antonio, 752 S.W.2d 518, 520 (Tex. 1988)). For
this reason, we reversed the court’s granting of a plea to the jurisdiction premised in part on a
claim of sovereign immunity. Id. at 246. The Corpus Christi Court agreed with us in Jones
and affirmed an order denying a plea to the jurisdiction premised entirely on sovereign
immunity. Jones, 983 S.W.2d at 91-92.
      Recently however, the Supreme Court reversed Jones and expressly disapproved of Smith.
Tex.1 Dep’t of Transp. v. Jones, 8 S.W.3d 636, 639 (Tex. 1999) (per curiam). The Court
held “that immunity from suit defeats a trial court’s subject matter jurisdiction and thus is
properly asserted in a plea to the jurisdiction.” Id. Accordingly, we conclude that MHMR
and the School properly asserted their claim of immunity from suit in their plea to the
jurisdiction. 
      By contrast however, a party may not assert immunity from liability by a plea to the
jurisdiction because such immunity “does not affect a court’s jurisdiction to hear a case.” Id.
at 638. Lowry and Thomas assert immunity on the basis of section 101.106 of the Tort Claims
Act. Tex. Civ. Prac. & Rem. Code Ann. § 101.106. Section 101.106 provides:
A judgment in an action or a settlement of a claim under this chapter bars any
action involving the same subject matter by the claimant against the employee of the
governmental unit whose act or omission gave rise to the claim.

Id. The Supreme Court has determined that this provision makes governmental employees
“immune from liability” when a plaintiff’s claims against the governmental unit by which they
are employed are barred by immunity. Dallas County Mental Health & Mental Retardation v.
Bossley, 968 S.W.2d 339, 343-44 (Tex. 1998).
      Lowry and Thomas improperly asserted their claims of immunity from liability by way of
a plea to the jurisdiction


 because such immunity “does not affect a court’s jurisdiction to hear
a case.” Jones, 8 S.W.3d at 638. Accordingly, we will affirm the order denying the plea to
the jurisdiction as to Lowry and Thomas.
DEATH CAUSED BY USE OF TANGIBLE PERSONAL PROPERTY

      MHMR and the School present a single issue on appeal questioning whether their
immunity from suit has been waived by Harris’s alleged conduct. “[S]overeign immunity,
unless waived, protects the State of Texas, its agencies and its officials from lawsuits for
damages.” Federal Sign v. Texas So. Univ., 951 S.W.2d 401, 405 (Tex. 1997). Immunity
from suit precludes a suit against the State unless the State consents by statute or legislative
resolution. Id.
      The legislature has waived the State’s immunity from suit in cases in which liability exists
under the terms of the Tort Claims Act. Tex. Civ. Prac. & Rem. Code Ann. § 101.025(a). 
Pearce relies solely on section 101.021(2) of that act to establish the liability of MHMR and
the School in this case. Id. § 101.021(2). If MHMR and the School are liable under this
statute, then section 101.025(a) constitutes a legislative waiver of their immunity from suit.
      When considering a jurisdictional challenge, we look only to the factual allegations of the
plaintiff’s petition. See Continental Coffee Prods. Co. v. Cazarez, 937 S.W.2d 444, 449 (Tex.
1996); WISD Taxpayers Ass’n v. Waco Indep. Sch. Dist., 912 S.W.2d 392, 394 (Tex.
App.—Waco 1995, no writ). A plaintiff bears the burden of alleging facts which affirmatively
demonstrate that the trial court has jurisdiction. Texas Ass’n of Bus. v. Texas Air Control Bd.,
852 S.W.2d 440, 446 (Tex. 1993); City of El Campo v. Rubio, 980 S.W.2d 943, 945 (Tex.
App.—Corpus Christi 1998, pet. dism’d w.o.j.). Because MHMR and the School do not claim
that Pearce’s allegations are fraudulent, we must take them as true. See Continental Coffee
Prods., 937 S.W.2d at 449; City of Saginaw v. Carter, 996 S.W.2d 1, 3 (Tex. App.—Fort
Worth 1999, pet. filed).
      To establish liability under the Tort Claims Act, Pearce must show that Robert’s death was
caused by Harris’s use of tangible personal or real property. See Tex. Civ. Prac. & Rem.
Code Ann. § 101.021(2). The Supreme Court has construed this provision to require that the
“death must be proximately caused by the condition or use of tangible property.” Bossley, 968
S.W.2d at 343. To be a proximate cause, a government employee’s use of property must be
“a substantial factor in bringing about the injury.” San Antonio State Hosp. v. Koehler, 981
S.W.2d 32, 35 (Tex. App.—San Antonio 1998, pet. denied); City of Waco v. Hester, 805
S.W.2d 807, 814 (Tex. App.—Waco 1990, writ denied). “Property does not cause injury if it
does no more than furnish the condition that makes the injury possible.” Bossley, 968 S.W.2d
at 343 (citing Union Pump Co. v. Allbritton, 898 S.W.2d 773, 775 (Tex. 1995)).
      In Bossley, the plaintiffs’ son Roger was committed to a Dallas County MHMR facility
after a failed suicide attempt. He surprised an MHMR technician unlocking an exterior door to
go to lunch, “pushed her aside, and fled.” Id. at 340-41. He went to an interstate about one-half mile from the MHMR facility and attempted to hitchhike a ride. As MHMR personnel
and police approached him on the roadside, “he leaped into the path of a truck and was killed.” 
Id. at 341.
      The plaintiffs alleged both a use of property—the technician’s unlocking of the outer
door—and a condition of property—an unlocked inner door—as causative events which waived
Dallas County MHMR’s immunity. Id. at 343. The Court examined the geographic,
temporal, and causal proximity of the use and condition alleged and determined that they
“were too attenuated from Roger’s death to be said to have caused it.” Id. The Court
concluded:
The real substance of plaintiffs’ complaint is that Roger’s death was caused, not
by the condition or use of property, but by the failure of Hillside’s staff to restrain
him once they learned he was still suicidal. The Tort Claims Act does not waive
Dallas County MHMR’s immunity from such a complaint.

Id.
      In Pearce’s case, the hook on her son’s bedroom door is similar to the unlocked door in
Bossley in terms of its causal relationship to her son’s death. The substance of Pearce’s
complaint is that Harris left his medicine in Robert’s bedroom. Because the same result would
likely have occurred regardless of where in the room Harris left his coat (e.g., on a dresser, on
a chair, or even on Robert’s bed), the hook did nothing more than furnish the condition which
made the injury possible. See id.; Koehler, 981 S.W.2d at 36. Accordingly, Harris’s use of
the hook cannot be said to have proximately caused Robert’s death. Id.
      Pearce’s petition does not allege facts which show that Robert’s death was proximately
caused by Harris’s use of the hook. Thus, she has failed to demonstrate a waiver of MHMR’s
and the School’s immunity from suit under the Tort Claims Act. See Texas Ass’n of Bus., 852
S.W.2d at 446; Rubio, 980 S.W.2d at 945. Accordingly, we sustain the sole issue presented
by MHMR and the School.
CONCLUSION
      Lowry and Thomas improperly asserted their claim of immunity from liability in a plea to
the jurisdiction. To the contrary however, MHMR and the School properly asserted their
immunity from suit in the plea to the jurisdiction. Pearce’s petition fails to allege facts which
demonstrate that Robert’s death was proximately caused by Harris’s use of any tangible real or
personal property. Thus, her pleadings fail to affirmatively demonstrate a waiver of MHMR’s
and the School’s immunity from suit under the Tort Claims Act. 
      For these reasons, we affirm the order denying the plea to the jurisdiction as to Lowry and
Thomas. We reverse the order and render judgment that the plea to the jurisdiction is granted
as to MHMR and the School.
 
                                                                               REX D. DAVIS
                                                                               Chief Justice


Before Chief Justice Davis
            Justice Vance and
            Justice Gray
Affirmed in part and reversed and rendered in part
Opinion delivered and filed March 29, 2000
Publish