TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







ON MOTION FOR REHEARING










NO. 03-00-00222-CV







Texas A&M University System, Appellant




v.




AFEX Corporation, Appellee








FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT


NO. 92-06726, HONORABLE F. SCOTT McCOWN, JUDGE PRESIDING








 We grant the motion for rehearing filed by appellant Texas A&M University
System. We withdraw our opinion and judgment of January 11, 2001, and substitute the
following. Texas A&M University System ("A&M") appeals the trial court's order denying its
plea to the jurisdiction based on sovereign immunity. See Tex. Civ. Prac. & Rem. Code Ann.
§ 51.014(a)(8) (West Supp. 2001). We will reverse the trial court's order.

 Appellee AFEX Corporation sued A&M and two of its professors, Mark Holtzapple
and Richard Davison, for breach of contract, misappropriation of trade secrets, and taking
intellectual property without just compensation.(1) The claim for breach of contract arose from a
settlement agreement signed in March 1992 by which the parties tried to resolve their
disagreements over the use of trade secrets and confidential information.

 A&M filed a plea to the jurisdiction asserting sovereign immunity on the claims for
breach of contract and misappropriation of trade secrets. The trial court granted the plea as to the
misappropriation claim, but denied it as to the contract claim. On appeal, A&M brings two issues
challenging the denial of its plea on the claim for breach of contract.

 In its second issue, A&M urges that sovereign immunity from suit for breach of
contract should remain intact regardless of a state agency's conduct under the contract. In Federal
Sign v. Texas Southern University, the supreme court established that an agency does not waive
immunity from suit for breach of contract merely by entering into a contract for goods and
services. 951 S.W.2d 401, 408 (Tex. 1997). More recently, the supreme court has expanded this
holding, determining that an agency's actions after entering a contract do not waive its immunity
from suit. General Servs. Comm'n v. Little-Tex Insulation Co., 44 Tex. Sup. Ct. J. 397, 401
(Feb. 1, 2001); Aer-Aerotron, Inc. v. Texas Dep't of Transp., 44 Tex. Sup. Ct. J. 406, 406 (Feb.
1, 2001). The court declined to adopt a waiver-by-conduct exception to sovereign immunity in
light of the legislature's establishment of an administrative process for resolving certain contract
claims against the state. Little-Tex, 44 Tex. Sup. Ct. J. at 400; see Tex. Gov't Code Ann.
§§2260.001-.108 (West 2000).

 The administrative scheme adopted by the legislature applies to all written contracts
for goods, services, or construction. Little-Tex, 44 Tex. Sup. Ct. J. at 399; Gov't Code
§§ 2260.001(1), .051. We see no reason why the settlement agreement here would not qualify as
a contract for services that is covered by the administrative scheme. Further, this Court has
determined that a settlement agreement is essentially a contract for services, however brief. Texas
A&M Univ.-Kingsville v. Lawson, 28 S.W.3d 211, 215 (Tex. App.--Austin 2000, pet. filed). 
AFEX was therefore obliged to submit its claim for breach of contract to the administrative
dispute-resolution process rather than sue under a waiver-by-conduct doctrine. Little-Tex, 44 Tex.
Sup. Ct. J. at 400. Because the administrative scheme governs the parties' contract dispute and
the scheme expressly preserves sovereign immunity from suit for breach of contract, we sustain
A&M's second issue.

 In its first issue, A&M argues that AFEX failed to show that it obtained legislative
consent to sue for breach of contract. The supreme court in Little-Tex adhered to the principle that
the judiciary defers to the legislature to waive sovereign immunity from suit. Id. Thus, a party
seeking judicial redress for breach of contract must establish that the legislature has consented to
its suit by means of a statute or a resolution granting express permission. Id. at 399. AFEX
asserted in the trial court that the legislature consented to suit against A&M by statutorily
authorizing A&M to enter into contracts. See Tex. Educ. Code Ann. § 88.501 (West 1991). 
AFEX contends that for these contracts to be meaningful, they must be enforceable by means of
suit. Federal Sign and Little-Tex indicate, however, that neither the existence of a contract nor
a state agency's general authority to contract entails a waiver of sovereign immunity. Consistent
with these supreme court opinions, we determine that the legislature has supplied the enforcement
mechanism for contract disputes by enacting the administrative process discussed above.

 AFEX also argued in the trial court that A&M waived immunity from suit by the
terms and representations of the contract it made with AFEX.(2) We believe that Little-Tex
preempts this argument as well. The supreme court emphasized in Little-Tex that "there is but one
route to the courthouse for breach-of-contract claims against the State, and that route is through
the Legislature." 44 Tex. Sup. Ct. J. at 400. Thus, in the context of contract claims, the
judicially imposed doctrine of waiver that AFEX urges cannot coexist with the administrative
procedure devised by the legislature. See id. Nevertheless, we have reviewed the provisions of
the contract that AFEX relies on, and we conclude that none resulted in a waiver of A&M's
immunity from suit. We sustain A&M's second issue.

 Because the trial court lacked jurisdiction to resolve AFEX's contract claim, it erred
in denying A&M's plea to the jurisdiction. See Texas Dep't of Transp. v. Jones, 8 S.W.3d 636,
638 (Tex. 1999); Gov't Code § 2260.006. AFEX argues that this Court should remand the breach
of contract claim to the trial court to determine whether AFEX complied with the claims
procedures of the administrative scheme. See Act of May 30, 1999, 76th Leg., R.S., ch. 1352,
§ 12(b), 1999 Tex. Gen. Laws 4578, 4587 (requiring claimant to provide written notice to
governmental unit for claim pending before effective date of act by 180 days after that date). 
Because the trial court has not yet heard evidence on this issue, we will reverse the order of the
trial court and remand the cause of action for breach of contract to the trial court for further
proceedings consistent with this opinion.



 

 J. Woodfin Jones, Justice

Before Justices Yeakel, Patterson and Jones*

Reversed and Remanded

Filed: February 28, 2001

Do Not Publish


* Before J. Woodfin Jones, Justice (former), Third Court of Appeals, sitting by assignment. See
Tex. Gov't Code Ann. § 75.003(a)(1) (West 1998).

1. AFEX sued Holtzapple and Davison in their individual and official capacities for breach
of contract and misappropriation of trade secrets. A&M later added Bruce Dale, another professor
at A&M, as a defendant, charging him with misappropriation of trade secrets in both capacities,
but with breach of contract only in his official capacity. The three professors sought summary
judgment on the contract and misappropriation claims in their individual capacities based on the
affirmative defense of official immunity. In a prior appeal, this Court affirmed the trial court's
denial of their summary-judgment motion. See Holtzapple v. AFEX Corp., No. 3-96-273-CV
(Tex. App.--Austin Aug. 28, 1997, no pet.) (not designated for publication).
2. Although AFEX states its argument in terms of estoppel, it argues in essence that A&M
waived its immunity from suit.


X was therefore obliged to submit its claim for breach of contract to the administrative
dispute-resolution process rather than sue under a waiver-by-conduct doctrine. Little-Tex, 44 Tex.
Sup. Ct. J. at 400. Because the administrative scheme governs the parties' contract dispute and
the scheme expressly preserves sovereign immunity from suit for breach of contract, we sustain
A&M's second issue.

 In its first issue, A&amp