NUMBER 13-05-00143-CV

 

                                 COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                        CORPUS
CHRISTI B EDINBURG

                                                                                                                       


THE STATE OF TEXAS, TEXAS DEPARTMENT OF

TRANSPORTATION, AND ARANSAS COUNTY,                         Appellants,

 

                                                             v.

 

JOHN R. AGNEW, ET AL.,                                                               Appellees.

                                                                                                                       


      On
appeal from the 156th District Court of Aransas County, Texas.

                                                                   
                                                    

                              MEMORANDUM OPINION

 

                     Before Justices Hinojosa, Rodriguez, and Garza

                          Memorandum
Opinion by Justice Hinojosa

 








Appellants, the State of Texas, Texas
Department of Transportation, and Aransas County, bring this accelerated
interlocutory appeal following the trial court=s denial of their pleas to the jurisdiction.[1]  Appellants contend the trial court erred in
denying their pleas to the jurisdiction because appellees, John R. Agnew, et
al.,[2]
failed to plead a valid inverse condemnation claim and, thus, appellants are
immune from suit.  We reverse and render.

                                                             A.  Background

Appellees are property owners in Aransas
County.  Appellees sued appellants
for  flood damage.  In their Second Amended Petition, appellees alleged
that on or about November 20, 2002, appellants, while constructing the State
Highway 35 Bypass, undertook actions that altered the natural flow and diverted
and impounded surface waters near appellees= homes and property causing flooding and
damage, and pumped water from the east side of the highway to the west side,
further causing flooding and damage. 
Appellees assert that the property damage they incurred constitutes a Ataking@ without adequate compensation in violation
of article 1, section 17 of the Texas Constitution.  See Tex.
Const. art. I, ' 17.

Appellants filed pleas to the jurisdiction
asserting sovereign immunity because appellees= pleadings failed to establish an inverse
condemnation claim under article 1, section 17 of the Texas Constitution.  After twice affording appellees the
opportunity to amend their petition,[3]
with appellees re-pleading each time, the trial court denied appellants= pleas to the jurisdiction, and this appeal
ensued.








                                                    B.  Standard
of Review

A plea to the jurisdiction is a dilatory
plea; its purpose is Ato defeat a cause of action without regard
to whether the claims asserted have merit.@  Bland
Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000).  Subject matter jurisdiction is a question of
law subject to de novo review.  Tex.
Natural Res. Conservation Comm'n v. IT‑Davy, 74 S.W.3d 849, 855 (Tex.
2002).  In performing this review, we do
not look to the merits of the case, but consider only the pleadings and
evidence relevant to the jurisdictional inquiry.  Tex. Dep=t of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 227 (Tex. 2004); County
of Cameron v. Brown, 80 S.W.3d 549, 555 (Tex. 2002).  The plaintiff has the burden to allege facts
affirmatively demonstrating that the trial court has subject‑matter
jurisdiction.  Tex. Ass'n of Bus. v.
Tex. Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993).  Sovereign immunity from suit deprives a trial
court of subject-matter jurisdiction and, thus, is properly asserted in a plea
to the jurisdiction.  Miranda, 133
S.W.3d at 224‑26; Tex. Dep't of Transp. v. Jones, 8 S.W.3d 636,
637-38 (Tex. 1999).

                                                                 D.  Analysis

Appellants contend that appellees failed to affirmatively
demonstrate that the trial court has jurisdiction over their claims because
appellees failed to sufficiently allege an inverse condemnation claim under
article I, section 17 of the Texas Constitution.  Specifically, appellants assert that appellees
failed to sufficiently allege the elements of intent and public use.








To recover under article I, section 17 of
the Texas Constitution, a claimant must establish that (1) the governmental
entity intentionally performed certain acts, (2) that resulted in a taking of
the property, (3) for public use.  See
Gen. Servs. Comm=n v. Little-Tex. Insulation Co., 39 S.W.3d 591, 598 (Tex. 2001).  The requisite intent is present when a
governmental entity (1) knows that a specific act is causing identifiable harm,
or (2) knows that the harm is substantially certain to result.  Tarrant Reg=l Water Dist. v. Gragg, 151 S.W.3d 546, 555 (Tex. 2004); City
of Dallas v. Jennings, 142 S.W.3d 310, 314 (Tex. 2004).  In the case of flood-water impacts,
recurrence is a probative factor in determining the extent of the taking and
whether it is necessarily incident to authorized government activity, and
therefore substantially certain to occur. 
Gragg, 151 S.W.3d at 555 (citing Brazos River Auth. v. City of
Graham, 354 S.W.2d 99, 107 (Tex. 1961)). 
While  nonrecurrent flooding may
cause damage, a single flood event does not generally rise to the level of a
taking.  Id.  The recurrence requirement assures that the
government is not held liable for taking property when a project=s adverse impacts, and by implication its
benefit to the public, are too temporal or speculative to warrant
compensation.  Id.  

Appellees= Second Amended Petition alleges only a single flooding event, which
occurred on or about November 20, 2002. 
Appellees= petition does not allege recurrent
flooding.  Furthermore, the petition
contains no allegations that appellants knew that flooding was substantially
certain to occur.  Accordingly, we
conclude that appellees have failed to sufficiently allege a valid inverse
condemnation claim.

                                                              E.  Conclusion








Because appellees have failed to
sufficiently allege a valid inverse condemnation claim, we hold that appellants
are immune from suit.  Accordingly, we
reverse the trial court=s order denying appellants= pleas to the jurisdiction.  We grant appellants= pleas to the jurisdiction and render
judgment that appellees= claims against appellants be dismissed.

 

FEDERICO G. HINOJOSA

Justice

 

Memorandum
Opinion delivered and filed

this
the 15th day of June, 2006.











[1] See Tex. Civ.
Prac. & Rem. Code Ann. ' 51.014(a)(8) (Vernon Supp. 2005).  





[2]
Appellees are John R.
Agnew, Mark Boose, Angela Boose, Diane Coots, James Coots, Danny Frankhauser,
Shelly Frankhauser, Greg Hartman, Shanna Hartman, Oscar Hinojosa, Jr., Lisa
Hinojosa, James Hudson, Brenda Hudson, Ray Alvin Kidd, Shirley Jean Kidd, Leonard
Nelson, Louis Peacock, Jr., Ninfa Peacock, Thomas Porter, Joe Sampert, Linda
Sampert, Richard Smith, Tasha Smith, Steven Taylor, Gracie Taylor, Donald
Walter, Rachal Walter, Yolanda Wallace, Eugene Wallace, Sr., Robert Hinojosa,
Jr., Petra Hinojosa, Joe Frank, Kathy Frank, Ronald Flint, Ernest King, Sr.,
Shannon King, Pete Vick and Lauralie Vick. 






[3]See County of Cameron v.
Brown, 80
S.W.3d 549, 555 (Tex. 2002) (AWhen a plaintiff fails to
plead facts that establish jurisdiction, but the petition does not
affirmatively demonstrate incurable defects in jurisdiction, the issue is one
of pleading sufficiency and the plaintiff should be afforded the opportunity to
amend.@)