NO. 07-07-0007-CV


IN THE COURT OF APPEALS


FOR THE SEVENTH DISTRICT OF TEXAS


AT AMARILLO


PANEL C


MAY 30, 2007


______________________________


THE CITY OF LUBBOCK AND TASER

INTERNATIONAL, INC., APPELLANTS


v.


GRACE NUNEZ AND JUAN NUNEZ, INDIVIDUALLY AND AS

REPRESENTATIVES OF THE ESTATE OF JOHN NUNEZ, III

AND LISA HERNANDEZ, APPELLEES

_________________________________


FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;


NO. 2006-535,305; HON. RUBEN REYES, PRESIDING

_______________________________


Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

OPINION


 Appellant, City of Lubbock, appeals the trial court's denial of its Plea to the
Jurisdiction regarding appellees', Grace and Juan Nunez, individually and as
representatives of the estate of John Nunez, III, and Lisa Hernandez (collectively,
"appellees"), claims of negligent wrongful death of John Nunez, III. See Tex. Civ. Prac.
& Rem. Code Ann. § 51.014(a)(8) (Vernon Supp. 2006) (allowing interlocutory appeal of
denial of a plea to the jurisdiction by a governmental unit). We affirm.

Background

 On April 16, 2006, Lubbock Police Officer Matt Doherty responded to a 911 hang-
up call at the Nunez residence. Lisa Hernandez told Doherty that she had placed the call
in response to an argument between her mother and father, but indicated that her father
had left the property and that police assistance was no longer needed. In his subsequent
investigation, Doherty spoke with John Nunez, III, at the door of the residence. Doherty
instructed Nunez to exit the residence and, when Nunez failed to comply with the
instruction, fired his Taser X26 Conductive Energy Device (taser) at Nunez to obtain his
compliance. After the initial shot attached to Nunez and delivered an electrical shock,
Nunez fell to the ground. However, because Nunez failed to comply with additional
commands made by Doherty, Doherty administered three additional shocks. Nunez
subsequently died.

 As relevant to the jurisdictional issue, appellees brought suit against the City of
Lubbock for wrongful death and for survival damages. In their petition, appellees allege
that the City's governmental immunity was waived because Doherty's "use of tangible
personal property," the taser, caused "personal injury and death" and that the City "would,
were it a private person, be liable to the claimant according to Texas law." See Tex. Civ.
Prac. & Rem. Code Ann. § 101.021(2) (Vernon 2005). (1) 

 The City filed a Plea to the Jurisdiction contending that Doherty's actions of firing
the taser at Nunez and of administering additional shocks were intentional and, therefore,
met the "intentional tort" exception to section 101.021(2)'s waiver of governmental
immunity. See § 101.057(2). The City attached an affidavit of Doherty to its Plea. In this
affidavit, Doherty attests that he intentionally fired the taser, that he intentionally
administered additional shocks, and that he had determined that he needed to employ his
taser to prevent harm to those present and to bring Nunez into compliance. Appellees
responded to the City's Plea, conceding that Doherty intended his actions, but contending
that his actions did not constitute an intentional tort because he did not intend to cause
Nunez injury or death. After a hearing on the jurisdictional issue, the trial court denied the
City's Plea to the Jurisdiction and the City filed notice of this interlocutory appeal.

Standard of Review

 The City of Lubbock, as a subdivision of the State of Texas, generally enjoys
sovereign immunity from tort liability, unless immunity has been expressly waived. See §
101.001(3)(B); § 101.025; County of Cameron v. Brown, 80 S.W.3d 549, 554 (Tex. 2002). 
Governmental immunity deprives a trial court of subject matter jurisdiction. Tex. Dep't of
Transp. v. Jones, 8 S.W.3d 636, 638 (Tex. 1999). A trial court's lack of subject matter
jurisdiction is properly raised by a plea to the jurisdiction. Id.

 A plaintiff has the burden to allege facts affirmatively demonstrating that the trial
court has subject matter jurisdiction. See Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852
S.W.2d 440, 446 (Tex. 1993). In a suit against a city, a plaintiff must allege consent to suit
by reference to either a statute or express legislative permission. Jones, 8 S.W.3d at 638. 
In the present case, appellees alleged that their claims against the City fall within the Tort
Claims Act's limited waiver of immunity. See § 101.021(2). 

 We review a trial court's ruling on a plea to the jurisdiction de novo. See State Dep't
of Highways & Pub. Transp. v. Gonzalez, 82 S.W.3d 322, 327 (Tex. 2002). A court
deciding a plea to the jurisdiction looks to the pleadings, but must consider evidence when
necessary to resolve the jurisdictional issues raised. Bland Indep. Sch. Dist. v. Blue, 34
S.W.3d 547, 555 (Tex. 2000). The pleadings must be construed liberally in the plaintiff's
favor and in accord with the pleader's intent. Brown, 80 S.W.3d at 555. Our review of
evidence is limited to that evidence which is relevant to the jurisdictional issue. Bland
Indep. Sch. Dist., 34 S.W.3d at 555. If the plaintiff's pleadings are insufficient to
demonstrate the court's jurisdiction, but do not affirmatively show incurable jurisdictional
defects, the plaintiff must be afforded an opportunity to amend before dismissal. Brown,
80 S.W.3d at 555.Analysis

 It is undisputed that the City is a governmental unit, as defined by the Texas Tort
Claims Act. See § 101.001(3). Appellees pled that their claim against the City arose out
of Doherty's use of tangible personal property causing Nunez's death. The Texas Tort
Claims Act creates a limited waiver of immunity for three specific areas of liability provided
that claims that fall within these areas do not fall under one of the express exceptions to
the waiver. Durbin v. City of Winnsboro, 135 S.W.3d 317, 320 (Tex.App.-Texarkana 2004,
pet. denied). As applicable to the present case, the Texas Tort Claims Act waives
governmental immunity for personal injury and death caused by a condition or use of
tangible personal or real property if the governmental unit would, were it a private person,
be liable under Texas law. § 101.021(2). An exception to the Texas Tort Claims Act's
waiver of governmental immunity applies to a claim "arising out of assault, battery, false
imprisonment, or any other intentional tort, . . . ." § 101.057(2).

 In its plea to the jurisdiction, the City contended that appellees' petition alleged an
intentional tort and, therefore, was excluded from the waiver of immunity under the Texas
Tort Claims Act. See § 101.057(2). The City attached an affidavit of Doherty to its Plea. 
In his affidavit, Doherty attested that,

Based upon my police training and police education and experience, and
based on what I had observed, I determined that I needed to utilize my taser
to prevent harm to Graciela Nunez, Lisa Hernandez and myself and to bring
the subject into compliance. I intentionally fired my taser striking the
suspect. I intentionally delivered additional bursts to the suspect since he
was continuing to resist.

The City cited Tex. Dep't of Pub. Safety v. Petta, 44 S.W.3d 575, 580 (Tex. 2001), and its
progeny, in support of its contention that appellees' claims allege an intentional tort for
which governmental immunity is not waived.

 Appellees responded that their claims were not for an intentional tort because they
did not allege that Doherty intended to injure Nunez. In support of their contention,
appellees cited Reed Tool Co. v. Copelin, 689 S.W.2d 404, 406 (Tex. 1985), Bridges v.
Robinson, 20 S.W.3d 104, 114 (Tex.App.-Houston [14th Dist.] 2000, no pet.), overruled on
other grounds, Telthorster v. Tennell, 92 S.W.3d 457, 464 (Tex. 2002), and Durbin v. City
of Winnsboro, 135 S.W.3d 317, 321 (Tex.App.-Texarkana 2004, pet. denied).

 In Reed Tool Co., the Texas Supreme Court noted that the fundamental difference
between a claim of negligence and an intentional tort is not whether the defendant
intended the action, but whether he intended the resulting injury. Reed Tool Co., 689
S.W.2d at 406. 

 In Bridges, the Court provided that "the fundamental difference between a
negligence injury and an intentional injury is the specific intent to inflict injury." Bridges, 20
S.W.3d at 114. The Court noted that the plaintiffs' pleadings alleged only that the officers
had acted negligently. Id. Because the City offered no proof that the officers intended to
injure or kill the decedent, the Court concluded that the City had not established that the
plaintiffs were alleging an intentional tort and, therefore, section 101.057 was inapplicable. 
Id.

 In Durbin, the Court performed a detailed analysis of the cases construing the
intentional tort exception of the Texas Tort Claims Act. After discussing Petta and its
progeny, the Durbin court concluded that these cases focus on whether the state actor
intended his actions and provide little analysis of whether the actor allegedly intended to
cause injury. See Durbin, 135 S.W.3d at 324. The Court noted, however, that in most of
these cases, the intent to cause injury could be inferred from the actor's conduct. Id. After
reviewing the jurisprudence relating to the intentional tort exception of section 101.057, the
Court concluded that it is an intent to injure that distinguishes an intentional tort from a
negligence cause of action. Id.

 We agree with and adopt the analysis provided by Reed Tool, Bridges, and Durbin. 
Looking to the appellees' pleadings, appellees allege that Doherty took intentional actions,
but do not allege that Doherty intended to cause Nunez injury. The affidavit of Doherty,
filed by the City in support of its Plea, indicates that Doherty intended to "prevent harm" to
bystanders and to "bring the subject into compliance." However, nothing in this affidavit
indicates that Doherty intended to cause Nunez injury. Further, we cannot infer Doherty's
intent to cause injury from his use of a taser, which appellees allege is advertised to be a
"non-lethal" or "safe" incapacitation device. Therefore, we conclude that the appellees
have pled a negligence cause of action and the City has not established that the intentional
tort exception to the Texas Tort Claims Act's limited waiver of immunity applies.

Conclusion

 We affirm the trial court's denial of the City's Plea to the Jurisdiction.





 Mackey K. Hancock

 Justice
1. Further reference to specific sections of chapter 101 of the Texas Civil Practice and
Remedies Code will be by reference to "section 101.___" or "§ 101.___." General
references to chapter 101 will be by reference to the "Texas Tort Claims Act." See §
101.002.