# IN THE SUPREME COURT OF TEXAS

════════════
No. 14-0459
════════════

HOUSTON BELT & TERMINAL RAILWAY CO.,
BNSF RAILWAY CO., AND UNION PACIFIC RAILROAD CO.,
PETITIONERS,

v.

CITY OF HOUSTON, TEXAS AND DANIEL KRUEGER, IN HIS
OFFICIAL CAPACITY AS DIRECTOR OF PUBLIC WORKS AND ENGINEERING,
RESPONDENTS

════════════════════════════════════════════
ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FOURTEENTH DISTRICT OF TEXAS
════════════════════════════════════════════

JUSTICE LEHRMANN, concurring.

I agree that the railroads have alleged viable *ultra vires* claims that are not barred by governmental immunity, and I join the Court's judgment and opinion in full. I write separately to elaborate on the Court's characterization of a governmental entity's immunity from suit, an issue with which we have recently grappled.

Quoting our opinion in *Rusk State Hospital v. Black*, 392 S.W.3d 88, 91 (Tex. 2012), the Court notes that "immunity from suit implicates courts' subject-matter jurisdiction." ___ S.W.3d at ___. Notably, when we made that statement in *Rusk*, we stopped short of saying that "immunity equates to a lack of subject-matter jurisdiction for all purposes." *Rusk State Hosp.*, 392 S.W.3d at

95; *see also id.* at 102 (Hecht, J., concurring) (noting that "the Court does not equate immunity to a lack of subject-matter jurisdiction").  Our use of the word "implicates" was no accident.

That immunity from suit implicates aspects of subject-matter jurisdiction has led us to hold that certain rules associated with the subject-matter jurisdiction label apply to such immunity, including that it may be raised for the first time on interlocutory appeal.  *Id.* at 94; *see also Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 639 (Tex. 1999) (holding that immunity from suit is properly raised in a plea to the jurisdiction).  We have not yet had occasion to address whether certain other aspects of subject-matter jurisdiction apply to immunity from suit.  *See, e.g.*, *Rusk State Hosp.*, 392 S.W.3d at 102 (Hecht, J., concurring) ("[W]hile a court is obliged to examine its subject-matter jurisdiction on its own in every case, we have never suggested that a court should raise immunity on its own whenever the government is sued.").  Most notably, we have not examined whether a governmental entity's immunity from suit renders a final judgment against the entity void and thus "forever . . . open to reconsideration." *In re United Servs. Auto Ass'n*, 307 S.W.3d 299, 309 (Tex. 2010) ("A judgment is void if rendered by a court without subject matter jurisdiction.").

This case does not present these questions, making it unnecessary to further examine here the nature of the government's immunity from suit.  I mention these issues only to clarify that they remain unresolved and suitable for further analysis in the proper case.

_____
Debra H. Lehrmann
Justice

**OPINION DELIVERED:** April 1, 2016

2