

# IN THE
# TENTH COURT OF APPEALS

## No. 10-15-00105-CV

PAUL REED HARPER,

                                                        Appellant

 v.

THE STATE OF TEXAS EX REL
GEORGE DARRELL BEST,

                                                        Appellee

**From the 249th District Court
Somervell County, Texas
Trial Court No. C10369**

## O R D E R

        The State of Texas has filed a motion for rehearing in this appeal.  TEX. R. APP. P. 49.1.  We requested a response.  *Id*. 49.2.  The parties' briefing has caused us to realize that the style of the case used in the opinion and judgment does not properly reflect the parties in this proceeding.  Accordingly, this order bears the proper style of the appeal.  We will not, however, withdraw and re-issue the opinion or judgment based on this technical correction to a non-substantive portion of the opinion or judgment.

Further, in their role of zealous advocates, the parties have made various characterizations about our opinion and judgment and have argued about what various statements mean. We do not resolve the conflicting interpretations herein. The interpretations presented by the parties have either been decided by the judgment and are subject to review by the Texas Supreme Court or were not properly before us in the appeal because they had not been addressed by the trial court, and in our role as a reviewing court, it would not be appropriate for us to decide the issues in the first instance.

We will, however, comment on one of the conflicting interpretations because, due to the nature of the briefing, there is evidence of some confusion.

We adjudged appellate costs solely against the State of Texas and did not make the relator, George Darrel Best, jointly and severally liable for costs. TEX. R. APP. P. 43.4. The State had not asserted sovereign immunity from liability, as opposed to immunity from suit, and we are not inclined to take that issue up on motion for rehearing. *See Tex. DOT v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999) ("Like other affirmative defenses to liability, [immunity from liability] must be pleaded or else it is waived."); *Fed. Sign v. Tex. S. Univ.*, 951 S.W.2d 401, 405 (Tex. 1997). Nevertheless, the briefs have advocated their respective party's position about the ability, if any, of the trial court on remand to award attorney's fees, court cost, expenses, and sanctions against the State. We expressly decline to address this issue because the trial court has not determined what the amounts are and whether the amounts will be assessed against specific parties or whether it will be assessed jointly and severally against multiple parties. Accordingly, it would be

premature, as merely an advisory opinion, for us to attempt to resolve that issue at this point in the proceeding.

The State's motion for rehearing is denied.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Motion denied
Order issued and filed July 13, 2016

