NO. 07-07-0007-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MAY 30, 2007

_____

THE CITY OF LUBBOCK AND TASER
INTERNATIONAL, INC., APPELLANTS

v.

GRACE NUNEZ AND JUAN NUNEZ, INDIVIDUALLY AND AS
REPRESENTATIVES OF THE ESTATE OF JOHN NUNEZ, III
AND LISA HERNANDEZ, APPELLEES
_____

FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2006-535,305; HON. RUBEN REYES, PRESIDING
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**OPINION**

Appellant, City of Lubbock, appeals the trial court's denial of its Plea to the

Jurisdiction regarding appellees', Grace and Juan Nunez, individually and as

representatives of the estate of John Nunez, III, and Lisa Hernandez (collectively,

"appellees"), claims of negligent wrongful death of John Nunez, III.  See TEX. CIV. PRAC.

& REM. CODE ANN. § 51.014(a)(8) (Vernon Supp. 2006) (allowing interlocutory appeal of denial of a plea to the jurisdiction by a governmental unit). We affirm.

## Background

On April 16, 2006, Lubbock Police Officer Matt Doherty responded to a 911 hang-up call at the Nunez residence. Lisa Hernandez told Doherty that she had placed the call in response to an argument between her mother and father, but indicated that her father had left the property and that police assistance was no longer needed. In his subsequent investigation, Doherty spoke with John Nunez, III, at the door of the residence. Doherty instructed Nunez to exit the residence and, when Nunez failed to comply with the instruction, fired his Taser X26 Conductive Energy Device (taser) at Nunez to obtain his compliance. After the initial shot attached to Nunez and delivered an electrical shock, Nunez fell to the ground. However, because Nunez failed to comply with additional commands made by Doherty, Doherty administered three additional shocks. Nunez subsequently died.

As relevant to the jurisdictional issue, appellees brought suit against the City of Lubbock for wrongful death and for survival damages. In their petition, appellees allege that the City's governmental immunity was waived because Doherty's "use of tangible personal property," the taser, caused "personal injury and death" and that the City "would, were it a private person, be liable to the claimant according to Texas law." See TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(2) (Vernon 2005).[1]

---

[1]Further reference to specific sections of chapter 101 of the Texas Civil Practice and Remedies Code will be by reference to "section 101.___" or "§ 101.___." General

The City filed a Plea to the Jurisdiction contending that Doherty's actions of firing the taser at Nunez and of administering additional shocks were intentional and, therefore, met the "intentional tort" exception to section 101.021(2)'s waiver of governmental immunity.  See § 101.057(2).  The City attached an affidavit of Doherty to its Plea.  In this affidavit, Doherty attests that he intentionally fired the taser, that he intentionally administered additional shocks, and that he had determined that he needed to employ his taser to prevent harm to those present and to bring Nunez into compliance.  Appellees responded to the City's Plea, conceding that Doherty intended his actions, but contending that his actions did not constitute an intentional tort because he did not intend to cause Nunez injury or death.  After a hearing on the jurisdictional issue, the trial court denied the City's Plea to the Jurisdiction and the City filed notice of this interlocutory appeal.

Standard of Review

The City of Lubbock, as a subdivision of the State of Texas, generally enjoys sovereign immunity from tort liability, unless immunity has been expressly waived.  See § 101.001(3)(B); § 101.025; County of Cameron v. Brown, 80 S.W.3d 549, 554 (Tex. 2002).  Governmental immunity deprives a trial court of subject matter jurisdiction.  Tex. Dep't of Transp. v. Jones, 8 S.W.3d 636, 638 (Tex. 1999).  A trial court's lack of subject matter jurisdiction is properly raised by a plea to the jurisdiction.  Id.

A plaintiff has the burden to allege facts affirmatively demonstrating that the trial court has subject matter jurisdiction.  See Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852

references to chapter 101 will be by reference to the "Texas Tort Claims Act."  See § 101.002.

-3-

S.W.2d 440, 446 (Tex. 1993). In a suit against a city, a plaintiff must allege consent to suit by reference to either a statute or express legislative permission. Jones, 8 S.W.3d at 638. In the present case, appellees alleged that their claims against the City fall within the Tort Claims Act's limited waiver of immunity. See § 101.021(2).

We review a trial court's ruling on a plea to the jurisdiction *de novo*. See State Dep't of Highways & Pub. Transp. v. Gonzalez, 82 S.W.3d 322, 327 (Tex. 2002). A court deciding a plea to the jurisdiction looks to the pleadings, but must consider evidence when necessary to resolve the jurisdictional issues raised. Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 555 (Tex. 2000). The pleadings must be construed liberally in the plaintiff's favor and in accord with the pleader's intent. Brown, 80 S.W.3d at 555. Our review of evidence is limited to that evidence which is relevant to the jurisdictional issue. Bland Indep. Sch. Dist., 34 S.W.3d at 555. If the plaintiff's pleadings are insufficient to demonstrate the court's jurisdiction, but do not affirmatively show incurable jurisdictional defects, the plaintiff must be afforded an opportunity to amend before dismissal. Brown, 80 S.W.3d at 555.

Analysis

It is undisputed that the City is a governmental unit, as defined by the Texas Tort Claims Act. See § 101.001(3). Appellees pled that their claim against the City arose out of Doherty's use of tangible personal property causing Nunez's death. The Texas Tort Claims Act creates a limited waiver of immunity for three specific areas of liability provided that claims that fall within these areas do not fall under one of the express exceptions to the waiver. Durbin v. City of Winnsboro, 135 S.W.3d 317, 320 (Tex.App.–Texarkana 2004,

-4-

pet. denied).  As applicable to the present case, the Texas Tort Claims Act waives governmental immunity for personal injury and death caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable under Texas law.  § 101.021(2).  An exception to the Texas Tort Claims Act's waiver of governmental immunity applies to a claim "arising out of assault, battery, false imprisonment, or any other intentional tort, . . . ."  § 101.057(2).

In its plea to the jurisdiction, the City contended that appellees' petition alleged an intentional tort and, therefore, was excluded from the waiver of immunity under the Texas Tort Claims Act.  See § 101.057(2).  The City attached an affidavit of Doherty to its Plea. In his affidavit, Doherty attested that,

> Based upon my police training and police education and experience, and based on what I had observed, I determined that I needed to utilize my taser to prevent harm to Graciela Nunez, Lisa Hernandez and myself and to bring the subject into compliance.  I intentionally fired my taser striking the suspect.  I intentionally delivered additional bursts to the suspect since he was continuing to resist.

The City cited Tex. Dep't of Pub. Safety v. Petta, 44 S.W.3d 575, 580 (Tex. 2001), and its progeny, in support of its contention that appellees' claims allege an intentional tort for which governmental immunity is not waived.

Appellees responded that their claims were not for an intentional tort because they did not allege that Doherty intended to injure Nunez.  In support of their contention, appellees cited Reed Tool Co. v. Copelin, 689 S.W.2d 404, 406 (Tex. 1985), Bridges v. Robinson, 20 S.W.3d 104, 114 (Tex.App.–Houston [14th Dist.] 2000, no pet.), overruled on

other grounds, <u>Telthorster v. Tennell</u>, 92 S.W.3d 457, 464 (Tex. 2002), and <u>Durbin v. City of Winnsboro</u>, 135 S.W.3d 317, 321 (Tex.App.–Texarkana 2004, pet. denied).

In <u>Reed Tool Co.</u>, the Texas Supreme Court noted that the fundamental difference between a claim of negligence and an intentional tort is not whether the defendant intended the action, but whether he intended the resulting injury. <u>Reed Tool Co.</u>, 689 S.W.2d at 406.

In <u>Bridges</u>, the Court provided that "the fundamental difference between a negligence injury and an intentional injury is the specific intent to inflict injury." <u>Bridges</u>, 20 S.W.3d at 114. The Court noted that the plaintiffs' pleadings alleged only that the officers had acted negligently. <u>Id</u>. Because the City offered no proof that the officers intended to injure or kill the decedent, the Court concluded that the City had not established that the plaintiffs were alleging an intentional tort and, therefore, section 101.057 was inapplicable. <u>Id</u>.

In <u>Durbin</u>, the Court performed a detailed analysis of the cases construing the intentional tort exception of the Texas Tort Claims Act. After discussing <u>Petta</u> and its progeny, the <u>Durbin</u> court concluded that these cases focus on whether the state actor intended his actions and provide little analysis of whether the actor allegedly intended to cause injury. <u>See</u> <u>Durbin</u>, 135 S.W.3d at 324. The Court noted, however, that in most of these cases, the intent to cause injury could be inferred from the actor's conduct. <u>Id</u>. After reviewing the jurisprudence relating to the intentional tort exception of section 101.057, the Court concluded that it is an intent to injure that distinguishes an intentional tort from a negligence cause of action. <u>Id</u>.

We agree with and adopt the analysis provided by <u>Reed Tool</u>, <u>Bridges</u>, and <u>Durbin</u>. Looking to the appellees' pleadings, appellees allege that Doherty took intentional actions, but do not allege that Doherty intended to cause Nunez injury. The affidavit of Doherty, filed by the City in support of its Plea, indicates that Doherty intended to "prevent harm" to bystanders and to "bring the subject into compliance." However, nothing in this affidavit indicates that Doherty intended to cause Nunez injury. Further, we cannot infer Doherty's intent to cause injury from his use of a taser, which appellees allege is advertised to be a "non-lethal" or "safe" incapacitation device. Therefore, we conclude that the appellees have pled a negligence cause of action and the City has not established that the intentional tort exception to the Texas Tort Claims Act's limited waiver of immunity applies.

Conclusion

We affirm the trial court's denial of the City's Plea to the Jurisdiction.


Mackey K. Hancock
Justice