In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-589 CV


____________________



PORT NECHES-GROVES INDEPENDENT SCHOOL DISTRICT, Appellant



V.



PYRAMID CONSTRUCTORS, L.L.P., Appellee






On Appeal from the 60th District Court


Jefferson County, Texas


Trial Cause No. B-163,853






O P I N I O N


 Port Neches-Groves Independent School District ("PNG") brings this interlocutory
appeal of the trial court's denial of PNG's plea to the jurisdiction, which was based on
sovereign immunity. 

 Pyramid Constructors ("Pyramid") sued PNG for breach of contract. PNG
counterclaimed for breach of contract. PNG and Pyramid ultimately settled part of their
dispute and executed an agreement providing, in part, for Pyramid to pay PNG $900,000 and
for Pyramid and PNG to dismiss certain claims against each other with prejudice. PNG
agreed to release all of its claims against Pyramid and Pyramid agreed to release its claims
against PNG, except those causes of action for retainage withheld under the contract. The
parties specifically agreed Pyramid would "retain all causes of action for retainage withheld
under the contract, including attorney fees and statutory interest claims."

 The trial court dismissed, with prejudice, all of PNG's claims against Pyramid for
damages and further ordered that Pyramid's original claim for retainage under the
construction contract at issue was preserved as between Pyramid and PNG. As to the
retainage claim, the order stated: "This claim has not yet been resolved and is still active[.]" 

 Subsequently, PNG filed its plea to the jurisdiction contending the trial court lacked
subject matter jurisdiction to hear the case as PNG is a political subdivision and is immune
from suit. PNG brings four appellate issues. 

 Sovereign immunity encompasses two distinct legal principles: immunity from suit
and immunity from liability. Tex. Dep't of Transp. v. Jones, 8 S.W.3d 636, 638 (Tex. 1999)
(per curiam). Immunity from liability does not affect a court's jurisdiction to hear a case, but
rather is an affirmative defense and must be pleaded to prevent waiver. Id. Immunity from
suit defeats a trial court's subject-matter jurisdiction over a lawsuit and is properly asserted
in a plea to the jurisdiction. Id.

 Because the question of subject-matter jurisdiction is a question of law, we review de
novo a trial court's order denying a jurisdictional plea based on sovereign immunity. 
Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998). Where, as here, there was
no evidence presented to the trial court on the jurisdictional issue, we look solely to the
pleadings to determine whether the trial court's jurisdiction was properly invoked. See
Archibeque v. North Tex. State Hosp.-Wichita Falls Campus, 115 S.W.3d 154, 157 (Tex.
App.-Fort Worth 2003, no pet.). 

 Issue one maintains this court has jurisdiction to hear PNG's appeal of the trial court
interlocutory order denying PNG's plea to the jurisdiction. We agree. See Tex. Civ. Prac.
& Rem. Code Ann. §§ 51.014(a)(8); 101.001(3)(B) (Vernon Supp. 2004); see Jones, 8
S.W.3d at 639. Issue one is sustained.

 We consider together issues two and three - the central issues here in view of the
Texas Supreme Court's decision in Reata Construction Corp. v. City of Dallas, 47 Tex. Sup.
Ct. J. 408, 2004 WL 726906 (April 2, 2004)(per curiam). Issue two asserts a school district's
immunity from suit is waived only by specific consent from the Texas Legislature. Issue
three contends the trial court does not have subject matter jurisdiction in this cause as PNG
has asserted its immunity from suit.

 In Reata, however, the Texas Supreme Court recently found that the trial court had
subject matter jurisdiction over Reata's claims against the City of Dallas because the City
had waived its immunity from suit by intervening to assert claims for affirmative relief
against Reata. Reata Constr. Corp. 2004 WL 726906, at *1. "[B]y filing a suit for damages,
a governmental entity waives immunity from suit for any claim that 'is incident to, connected
with, arises out of, or is germane to the suit or controversy brought by the State.'" Id. at *3
(quoting State v. Martin, 347 S.W.2d 809, 814 (Tex. Civ. App.--Austin 1961, writ ref'd
n.r.e.)). Further, the Reata Court explained: 

 For purposes of waiver of governmental immunity from suit, we see no reason
to differentiate between a governmental entity as a plaintiff and as a plaintiff-intervenor. When the City filed its plea in intervention against Reata, it
subjected itself to the jurisdiction of the trial court and waived its
governmental immunity from suit with regard to Reata's claims germane to the
matter in controversy.


Id. (citing Martin, 347 S.W.2d at 814). 

 Here, PNG was not the first to file suit; Pyramid was. PNG could have asserted its
immunity without counterclaiming against Pyramid and seeking affirmative relief from the
court. But, PNG could not have filed suit against Pyramid for breach of contract without
waiving its immunity. Id. at *2 (citing Anderson, Clayton & Co. v. State ex rel. Allred, 122
Tex. 530, 62 S.W.2d 107, 110 (1933) and Kinnear v. Tex. Comm'n on Human Rights ex rel.
Hale, 14 S.W.3d 299, 300 (Tex. 2000) (per curiam)). We find PNG waived its immunity
from suit when it counterclaimed against Pyramid and asserted its affirmative claims for
damages. (1) 

 Issues two and three are overruled.

 In issue four, PNG contends that the phrase "sue and be sued," contained in a political
subdivision's enabling statute does not waive governmental immunity from suit. However,
in view of our disposition of issues two and three, we need not consider this question.

 We affirm the trial court's judgment.

 AFFIRMED.


 _________________________

 DON BURGESS

 Justice

Submitted on March 24, 2004

Opinion Delivered July 1, 2004



Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. Pyramid also avers PNG was amenable to suit based upon the compromise
settlement language; however, we need not address that argument.