# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## ON MOTION FOR REHEARING

---

### NO. 03-09-00249-CV

---

**Laryn McCandless, Appellant**

**v.**

**Pasadena Independent School District and Robert Scott, in his official capacity as Commissioner of Education, Appellees**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT NO. D-1-GN-07-003656, HONORABLE STEPHEN YELENOSKY, JUDGE PRESIDING**

---

### M E M O R A N D U M   O P I N I O N

We withdraw the opinion issued February 17, 2010 and substitute this opinion in its place.

Laryn McCandless sued the Commissioner of Education (the "Commissioner") and Pasadena Independent School District ("PISD") for judicial review of the Commissioner's order dismissing her grievance against PISD for lack of jurisdiction. McCandless also brought a common-law breach-of-contract claim against PISD. In two orders, the trial court affirmed the Commissioner of Education's dismissal of McCandless's administrative appeal and granted PISD's plea to the jurisdiction dismissing McCandless's common-law breach-of-contract claim because of governmental immunity. In three issues on appeal, McCandless asserts that (1) the trial court erred

in affirming the Commissioner's order of dismissal because the Commissioner had jurisdiction over her administrative appeal, (2) the trial court erred when it granted PISD's plea to the jurisdiction because McCandless pleaded a cause of action for which governmental immunity was waived, and (3) the trial court erred when it denied her request to remand the case to the Commissioner to take additional evidence. We will affirm the trial court's orders.

Seeking to become a certified teacher, McCandless enrolled in an alternative teacher-certification course through the Region IV Education Service Center ("Region IV"), an alternative teacher-certification course provider approved by the State Board for Educator Certification. As part of the certification process, she worked for PISD as an "intern" on a one-year probationary contract. Region IV requested McCandless's principal's opinion on McCandless's performance as part of its standard procedure for evaluating a candidate's qualifications for certification.[1] The principal recommended that McCandless repeat her internship and be assigned to another school district. Because Region IV's policies required a positive principal recommendation and a continued offer of employment before Region IV would recommend certification of a candidate to the State Board for Educator Certification, Region IV subsequently

---

[1] The form that the principal completed notes that "[c]riteria for recommendation [of a candidate for certification] is based upon completion of several program requirements, including recommendation by the intern's principal." The form allows a principal to select one of four options: (1) recommend the candidate for certification and continued employment at that school, (2) recommend an additional one-year course and continued probationary employment at that school, (3) recommend that the candidate receive a "second opportunity internship" in another district, or (4) not recommend the candidate for certification and indicate that the candidate's employment at the school will not be continued. McCandless's principal selected the third option, writing in the comments section that "I feel that a different assignment will afford [McCandless] opportunity for growth."

declined to recommend McCandless. McCandless claims that the principal acted arbitrarily or capriciously when she declined to recommend McCandless for certification and instead recommended that she repeat the internship, and therefore the principal's action was an abuse of discretion. She filed a first-level grievance with the principal requesting that the principal recommend her for certification, which the principal denied, on the basis that the grievance was untimely filed. McCandless then filed second- and third-level grievances with the superintendent of schools and the school board, both of which were denied on the basis that her original grievance was untimely filed.

McCandless appealed the case to the Commissioner, who noted that McCandless was improperly denied a hearing at the school-district level to determine the timeliness of her grievance filing. As a penalty for PISD's failure to grant a hearing, the Commissioner construed all facts as pleaded in favor of McCandless. Even doing so, however, the Commissioner found that he had no jurisdiction to hear McCandless's administrative appeal.

The Commissioner's jurisdiction to review school-board action is limited to the following situations:

[A] person may appeal in writing to the commissioner if the person is aggrieved by:

. . . .

 (2) actions or decisions of any school district board of trustees that violate:

  (A) the school laws of this state; or
  (B) a provision of a written employment contract between the school

3

> district and a school district employee, if a violation causes or would cause monetary harm to the employee.

Tex. Educ. Code Ann. § 7.057 (West 2006).

First, McCandless asserted to the Commissioner that the principal's failure to recommend her for certification violated the "school laws of this state," specifically education code section 21.551, which is the "purposes" section of the "Teach for Texas Pilot Program Relating to Alternative Certification." Tex. Educ. Code Ann. § 21.551 (West 2006). This contention is without merit. That provision imposes no duties on the school board, the principal, or a provider such as Region IV, nor does it confer on McCandless any rights or privileges. The provision merely sets forth, in general terms, the goals of the certification program.

Second, McCandless asserted that the Commissioner has jurisdiction because she alleged a breach of section 20 of her employment contract with PISD. The Commissioner noted that McCandless failed to brief this issue, and thus waived this contention. *See* 19 Tex. Admin. Code Ann. § 157.1058(c) (2009) (Tex. Educ. Agency, Hearings and Appeals) (issues waived if not briefed). Even if we assume the contract claim was properly briefed before the Commissioner, and therefore not waived, McCandless would not prevail. Section 20 of the employment contract states that McCandless's employment is conditioned on satisfactory participation in the Region IV certification program and that failure to satisfactorily participate shall constitute good cause for termination. This provision does not confer on McCandless the *right* to a favorable evaluation from her supervising principal, but merely says that failure to satisfactorily participate—for whatever reason—is grounds for termination. In any event, the record shows that

4

McCandless resigned on February 10, 2005, effective at the end of the school year; she was not fired nor could she have predicated her resignation on the principal's unfavorable recommendation because the principal did not issue her recommendation until April 29, 2005. Having no jurisdiction over McCandless's appeal, the Commissioner properly dismissed her claims, and the trial court properly affirmed the dismissal.

In the trial court, McCandless appended a common-law breach-of-contract action against PISD to her suit for judicial review of the Commissioner's decision. PISD alleged that governmental immunity barred her claim and filed a plea to the jurisdiction, which the trial court granted. McCandless asserts that local government code section 271.152 waives PISD's governmental immunity. Section 271.152 states:

> A local governmental entity that is authorized by statute or the constitution to enter into a contract and that enters into a contract subject to this subchapter waives sovereign immunity to suit for the purpose of adjudicating a claim for breach of the contract, subject to the terms and conditions of this subchapter.

Tex. Loc. Gov't Code Ann. § 271.152 (West 2006).

Governmental immunity deprives the trial court of subject-matter jurisdiction in cases where instrumentalities of the state have been sued, absent waiver of immunity by the state. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004). When reviewing a grant or denial of a plea to the jurisdiction, we consider the plaintiff's pleadings, construed in favor of the plaintiff, and any evidence relevant to jurisdiction without considering the merits of the claim beyond the extent necessary to determine jurisdiction. *Id.*; *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002). Plaintiff bears the burden to affirmatively demonstrate the trial court's jurisdiction

5

by alleging a valid waiver of immunity, which may be either a reference to a statute or to express legislative permission. *Texas Dep't of Transp. v. Jones*, 8 S.W.3d 636, 637 (Tex. 1999). If the plaintiff's pleadings "affirmatively negate the existence of jurisdiction," then granting a plea to the jurisdiction is proper without affording the plaintiff an opportunity to amend. *Miranda*, 133 S.W.3d at 227.

McCandless pleaded that she had a contract of employment with PISD in which PISD agreed to pay her salary for one year in exchange for her work as an intern and satisfactory participation in an alternative teacher-certification program. McCandless further pleaded that she performed her "obligations by completing all of the requirements for the alternative certification program" and that "[PISD] breached the contract by failing to recommend [her] for certification" after she completed the requirements. The contract at issue is unambiguous, so to determine the parties' intent we construe the plain meaning of the words. *See Chrysler Ins. Co. v. Greenspoint Dodge of Houston, Inc.*, 297 S.W.3d 248, 252 (Tex. 2009) (per curiam). After reviewing the contract, we hold that McCandless's pleadings and undisputed jurisdictional evidence affirmatively negate the existence of jurisdiction because her employment contract cannot be construed to *require* the school district or its principal to recommend McCandless for certification even assuming she performed her duties adequately—the only conduct by PISD that McCandless alleges breached the contract. McCandless's pleaded jurisdictional facts, liberally construed in her favor in conjunction with the undisputed evidence, therefore negate a breach of her employment contract. Without a properly pleaded breach-of-contract action, section 271.152 does not waive governmental immunity. Because we hold that McCandless's pleadings affirmatively negated the existence of jurisdiction,

6

the trial court did not err in granting PISD's plea to the jurisdiction without affording her an opportunity to amend. *See Miranda*, 133 S.W.3d at 226-27.

Finally, McCandless complains that the trial court abused its discretion by not granting her motion to remand to the Commissioner to present additional evidence. Section 2001.175(c) of the Administrative Procedure Act governs such a request. It provides, in pertinent part:

> A party may apply to the court to present additional evidence. If the court is satisfied that the additional evidence is material and that there were good reasons for the failure to present it in the proceeding before the state agency, the court may order that the additional evidence be taken before the agency on conditions determined by the court.

Tex. Gov't Code Ann. § 2001.175(c) (West 2006). The evidence McCandless wished to include in the Commissioner's record consisted of documents that either (1) bore her signature, which means that she presumptively had knowledge of their existence before the administrative proceeding, or (2) were contained in her PISD personnel file, which was available to her at any time prior to the administrative proceeding by sending a request to PISD under government code section 552.102(a). *See* Tex. Gov't Code Ann. § 552.102(a) (information in personnel file of government employment must be made available to that employee). Given McCandless's apparent knowledge of and access to the evidence before the agency proceedings began, the trial court could reasonably have determined that she did not have "good reasons" for failing to present the evidence earlier. *See id.* § 2001.175(c). We therefore hold that the trial court did not abuse its discretion in denying McCandless's request.

**CONCLUSION**

Having overruled McCandless's issues on appeal, we affirm both of the trial court's orders.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Waldrop

Affirmed on Motion for Rehearing

Filed: April 2, 2010