

# NUMBER 13-24-00092-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

CITY OF BEE CAVE, TEXAS,                                    Appellant,

v.

CITIZENS FOR THE PRESERVATION
OF THE BROWN PROPERTY,                                     Appellees.

## ON APPEAL FROM THE 419TH DISTRICT COURT OF
## OF TRAVIS COUNTY, TEXAS

# MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices Peña and Cron[1]**
**Memorandum Opinion by Chief Justice Tijerina**

Appellant the City of Bee Cave, Texas appeals the trial court's denial of its plea to

the jurisdiction in favor of appellees the Citizens for the Preservation of the Brown

---

[1] The Honorable Nora L. Longoria, former Justice of this Court, did not participate in this opinion because her term of office expired on December 31, 2024. In accordance with the appellate rules, she was replaced on panel by Justice Jenny Cron. *See* TEX. R. APP. P. 41.1(a).

Property. By six issues, the City argues: (1) appellees "missed the statute of limitations"; (2) appellees lack standing because "Chapter 26 of the Texas Parks and Wildlife Code [(TPWC)] does not provide a private cause of action without individualized injury"; (3) the City never designated or used the property at issue as a park or recreation area under Chapter 26; (4) alternatively, the property at issue "d[id] not change use and remains consistent with use"; (5) appellees' claims are moot; and (6) appellees cannot obtain injunctive relief without an underlying cause of action. We reverse and render.

## I.  BACKGROUND[2]

The City purchased the 45-acre property (the Brown property) at issue in 2017 and designated its use for "municipal purposes."

Appellees sued the City for violations of Chapter 26 of the TPWC. According to appellees, the City council made a public commitment that it would preserve the Brown property as an open space for the benefit and enjoyment of its residents. Appellees asserted that on February 28, 2023, the city council voted to cede approximately 4.12 acres of the Brown property for a road project without making the required determinations pursuant to Chapter 26 of TPWC, providing the required notice, and conducting the required public hearing. *See* TEX. PARKS & WILD. CODE ANN. §§ 26.001(a) (imposing a feasibility study requirement before a political subdivision takes a park, recreation area, scientific area, wildlife refuge, or historic site), (b) (imposing notice-and-hearing requirements for any taking of a "park, recreation area, scientific area, wildlife refuge, or

---

[2] This case is before this Court on transfer from the Third Court of Appeals in Austin pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

2

historic site"). According to appellees, the City should be enjoined from the completion of this road project.

The City filed its plea to the jurisdiction asserting the Brown property was not in any way designated as a park, was not on the City's list of parks, and was not considered a park requiring compliance with TPWC. Instead, the City claimed that the Brown property was merely designated for "public use," and as a result, Chapter 26 does not apply. According to the City, it purchased the property outright, not through eminent domain proceedings, and held onto the property until a use could be determined.

Alternatively, the City argued that it had complied with the Chapter 26 TPWC requirements and therefore mooted appellees' claims because it had posted notice of a public hearing in the newspaper, held a public hearing, and made the statutory findings necessary—supported by several studies—to place a connector road on the Brown property. Furthermore, the City asserted that Chapter 26 did not create a private cause of action apart from the general public, so appellees did not have an individualized injury to obtain injunctive relief. The City also argued that Chapter 26 required suit within thirty days of announcement of the project, and appellees filed suit after the thirty days expired. Finally, the City asserted that even if the Brown property had been expressly designated as a parkland or recreation area, the placement of a roadway over it does not alter its "use." The City attached numerous documents as evidence.[3]

---

[3] Some of these documents include: Resolution No. 2023-14; the affidavit of its City Manager James Garza; the Southwest Collector and HPR Extension Feasibility Study Report analyzing the connector roadway options for east-to-west configurations; the 2022 Hamilton Pool Road Extension Study; Ordinance 471 pursuing opportunities to connect roadways with connectors; a traffic impact analysis from LA Engineering, Inc.; 2023 traffic mitigation and safety study; City ordinance No. 366 approving the debt for the purchase of the Brown Property and declaring it for "municipal purposes"; City ordinance No. 471; City ordinance No. 500 adding the option of the connector road to the thoroughfare plan; a 2016

Appellees responded, first asserting that the City "approved the taking and use of City-owned protected land without first complying with the requirements for notice and public hearing and without making the required determinations pursuant to Chapter 26 of the" TPWC. Appellees claimed their causes of action were not moot because the City had yet to comply with Chapter 26, they met the 30-day deadline, and the creation of the roadway would result in a change of use. Following a hearing, the trial court denied the City's plea to the jurisdiction. This interlocutory appeal followed.

## II.    STANDARD OF REVIEW

To invoke the trial court's subject-matter jurisdiction, the plaintiff must allege facts that affirmatively demonstrate the court has jurisdiction to hear the case. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). A plea to the jurisdiction is an appropriate procedural vehicle by which a party may challenge a trial court's subject-matter jurisdiction. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000); *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 639 (Tex. 1999). When a plea to the jurisdiction challenges the existence of jurisdictional facts, the court considers the evidence submitted when resolving the jurisdictional issue. *Miranda*, 133 S.W.3d at 227. "If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the fact finder." *Id.* at 227–28. However, if the evidence related to the jurisdictional issue is

comprehensive plan (detailing crashes, fatalities, etc.); publication of a public hearing "regarding the protentional uses" of the Brown Property; City Council meeting agendas, minutes, and citizens' comments; the Hamilton Pool Road Alternative Access Study; Resolution 2023-02; a special warranty deed; the Ecosystem Design Group Report; agenda of the public hearing and meetings related to the Brown Property; Chapter 26 public hearing agenda; the City of Bee Cave 2037 Comprehensive Plan approved by the City Council; and an open house public meeting summary report, among other documents.

4

undisputed or fails to raise a fact question as to jurisdiction, the trial court rules on the plea to the jurisdiction as a matter of law. *Id.* at 228. We review a trial court's ruling on a plea to the jurisdiction de novo. *Id.* We take as true all evidence favorable to the nonmovant, indulging every reasonable inference and resolving any doubts in the nonmovants favor. *Id.*

## III.    CHAPTER 26

The City argues that Chapter 26 does not apply because it did not designate and use the Brown property under any of the listed uses under Chapter 26.

### A.    Applicable Law

TPWC states that the City may not approve a project which necessitates the "taking of any public land designated and used prior" to the arrangement of the project "as a park, recreation area, scientific area, wildlife refuge, or historic site," unless there is no feasible alternative and the city has provided notice and a public hearing. TEX. PARKS & WILD. CODE ANN. § 26.001(a). To make a valid Chapter 26 claim, a plaintiff must show that the city "designated and used" the protected property as one of the listed uses for Chapter 26 to apply. *Id.*

### B.    Discussion

On appeal, appellees' claim that they "raised sufficient evidence for [a] finder of fact to determine that the City designated the Brown property for a protected purpose." However, on appeal they do not assert that the City *used* the Brown property as a park or recreation area prior to the City's taking or that they raised a fact issue in the trial court of the same. Appellees were required to present evidence in the trial court to raise a fact

5

issue that the City *used* the Brown property as a park or recreation area "prior to" the City's taking. *See id.* § 26.001(a). Instead, the evidence presented to the trial court established that the City had not used the Brown property as a park or recreation area.

James Garza, the City's manager, stated in an affidavit that he is familiar with the use and non-use of the Brown property since it was purchased; the Brown property is largely undeveloped; the City acquired the property by direct purchase without utilizing eminent domain powers; the "City did not have a specific purpose in mind for the Brown property," so "it commissioned a study to be performed" of potential uses; the declared acquisition of the property was for "municipal purposes"; the "City never designated the Brown property for the limited use as parkland or even recreational uses"; the "Brown property is not on the City's list of parks"; and the City performed numerous studies (the 2021 Thoroughfare Plan, a 2016 Comprehensive Plan, the 2022 Hamilton Pool Road Extension study, and the Hamilton Pool Road Alternative Access study, the Ecosystem Design Group study) for potential uses. The City also attached Resolution No. 2023-14, "formally designating a city use of the [Brown] property," which expressly stated that the Brown property was not open to the public and was not utilized as a park or recreational land at any time. Additionally, the City attached a publication, notifying the public that it would consider "potential uses" for the Brown property.

This evidence demonstrated that the Brown property was not used as a park, recreation area, wildlife refuge, historic site, or scientific area. Thus, the City established the trial court lacked jurisdiction as a matter of law. "[T]o avoid dismissal [appellees] must raise at least a genuine issue of material fact to overcome the challenge to the trial court's

6

subject matter jurisdiction." *See Tex. Health & Hum. Servs. Comm'n v. Kadia*, 704 S.W.3d 84, 99 (Tex. App.—Austin 2024, no pet.) (quoting *Miranda*, 133 S.W.3d at 221)).

In response to the City's plea to the jurisdiction, appellees attached a development agreement between the City and the previous property owner; Ordinance 500; the February 2023 Thoroughfare Plan Amendment; and an affidavit from a certified wildlife biologist, stating the negative impact a roadway would have on the Brown property. However, none of this evidence is sufficient to raise a fact issue as to the City's prior use requirement because none of this is evidence that the City used the Brown property as a park or recreation area. *See generally, Walker v. City of Georgetown*, 86 S.W.3d 249, 256 (Tex. App.—Austin 2002, pet. denied) (finding that the city's addition of batting cages is consistent with the "park's current use" consisting "largely of baseball fields" and is not considered a "change in use" under Chapter 26). In the trial court, appellees relied on the February 2023 Thoroughfare Plan Amendment regarding the City's designation as a nature preserve. However, evidence of the City's designation is not evidence that the City used the Brown property as a nature preserve. An environmental assessment cannot serve as evidence of prior use because an assessment of a development of land is for prospective use—not prior use. Importantly, appellees did not provide evidence that the City used or employed the Brown property as a park or recreation center. Conversely, the evidence established that this property was not used or open to the public. *See Persons v. City of Fort Worth*, 790 S.W.2d 865, 874 (Tex. App.—Fort Worth 1990, no writ) ("The fact remains that this park is still a park with a zoo in it and that it is an ornament open for public exercise and amusement as it was before," and thus Chapter 26 did not apply).

7

Accordingly, Chapter 26 does not apply. Because appellees did not raise a fact issue as to whether the City used the Brown property as a park or recreation area, the trial court erred in denying the City's plea to the jurisdiction. We sustain the City's third issue. We reverse the trial court's judgment, and we render judgment dismissing appellees' suit for lack of jurisdiction. Because this issue is dispositive, we need not address the City's remaining issues. *See* TEX. R. APP. P. 47.1.

## IV.    CONCLUSION

We reverse the judgment of the trial court, and we render judgment dismissing appellees' suit for lack of jurisdiction.[4]

JAIME TIJERINA
Chief Justice

Delivered and filed on the
3rd day of April, 2025.

---

[4] The City's motions requesting that we strike the supplemental record and portions of appellees' amended brief are hereby denied.

8