# NO. 12-12-00257-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *LAMAR ADVANTAGE OUTDOOR COMPANY, L.P., APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE CITY OF TYLER, APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Lamar Advantage Outdoor Company, L.P. appeals from the trial court's judgment granting the City of Tyler's motion for summary judgment and plea to the jurisdiction, denying Lamar's motion for partial summary judgment, and dismissing Lamar's cause of action. In three issues, Lamar contends the City of Tyler is not immune from suit and Lamar is entitled to compensation pursuant to Texas Local Government Code Chapter 216. We affirm.

### BACKGROUND

Lamar's predecessor placed a billboard on privately owned property within Tyler's city limits pursuant to a ten year lease beginning July 1998. The City of Tyler purchased that property from the landowners in 2007. The billboard remained in place. Lamar's lease expired in July 2008. Yet, the billboard remained in place. In 2010, the City notified Lamar that it must remove the sign due to construction of a new road. Lamar eventually removed the sign but requested compensation from the City. Taking the position that it was under no obligation to compensate Lamar, the City declined to do so. Lamar filed its lawsuit seeking a declaratory judgment to determine the parties' rights and obligations under Texas Local Government Code

Chapter 216, which is entitled "Regulation of Signs by Municipalities." Alternatively, Lamar sought compensation for inverse condemnation.

The City filed a plea to the jurisdiction claiming immunity to suit, arguing that Lamar did not allege a cause of action for which the City's immunity has been waived and that Lamar has not alleged an exception to the City's immunity. At the same time, the City filed a motion for a no evidence summary judgment contending there is no evidence of a claim under Local Government Code Chapter 216 and no evidence of a takings claim, and, as a result, governmental immunity bars Lamar's suit against the City. Lamar filed its motion for partial summary judgment requesting the court to declare that Lamar has the right to compensation under Chapter 216 for the City's required removal of its sign. After a hearing, the trial court granted the City's motion for summary judgment and plea to the jurisdiction, denied Lamar's motion for partial summary judgment, and dismissed the cause of action. This appeal followed.[1]

## PLEA TO THE JURISDICTION

In its first issue, Lamar asserts the trial court incorrectly granted the City's plea to the jurisdiction. It argues that it was seeking a declaration of its rights and the trial court had jurisdiction to hear the case.

### Standard of Review

Absent a waiver of sovereign immunity, a state entity cannot be sued. *See **Tex. Dep't of Transp. v. Jones***, 8 S.W.3d 636, 638 (Tex. 1999) (per curiam). Sovereign immunity from suit defeats a trial court's subject matter jurisdiction and is properly asserted in a plea to the jurisdiction. ***Tex. Dep't of Parks & Wildlife v. Miranda***, 133 S.W.3d 217, 225-26 (Tex. 2004). A plea questioning the trial court's jurisdiction raises a question of law that we review de novo. ***State v. Holland***, 221 S.W.3d 639, 642 (Tex. 2007). In reviewing a plea to the jurisdiction, we review the pleadings and any evidence relevant to the jurisdictional issue. ***Tex. Dep't of Crim. Justice v. Miller***, 51 S.W.3d 583, 587 (Tex. 2001). The plaintiff has the burden of alleging facts sufficient to demonstrate the trial court's jurisdiction. ***Miranda***, 133 S.W.3d at 226. If the pleadings illustrate incurable defects in jurisdiction, a plea to the jurisdiction is properly granted. *Id*. at 226-27.

---

[1] Lamar does not attack the trial court's ruling on its inverse condemnation claim.

**Discussion**

Lamar argues that the plea to the jurisdiction should have been denied because Lamar asserted a claim for declaratory judgment seeking a declaration of the parties' rights and obligations under Chapter 216. It argues that the Declaratory Judgment Act (DJA) expressly provides that an ordinance may be challenged and that the City, as an interested party, must be joined in the lawsuit. Thus, Lamar asserts, the DJA necessarily waives governmental immunity for such claims.

We must determine if Lamar has alleged facts sufficient to demonstrate the trial court's jurisdiction. *Miranda*, 133 S.W.3d at 226. The DJA provides a procedural device for deciding matters already within a court's subject matter jurisdiction and does not itself establish subject matter jurisdiction. *State v. Morales*, 869 S.W.2d 941, 947 (Tex. 1994). Further, while the DJA waives sovereign immunity for certain claims, it is not a general waiver of sovereign immunity. *See* ***Tex. Parks & Wildlife Dep't v. Sawyer Trust***, 354 S.W.3d 384, 388 (Tex. 2011). Thus, it cannot be used as a vehicle to obtain declarations having the effect of establishing a right to relief against the State for which sovereign immunity has not been waived. *Id*. Merely couching a cause of action in terms of a declaratory judgment action does not establish jurisdiction.

The City acknowledges that Chapter 216 provides for a limited waiver of immunity but asserts that Lamar has not alleged facts showing that Chapter 216 is applicable here. Lamar focuses on the fact that the City required it to remove its sign. The City responds that Chapter 216 is inapplicable because the City did not, by regulation, require Lamar to remove its sign. Thus, it argues, Lamar did not plead facts sufficient to show the trial court had jurisdiction. Resolution of the matter depends on how the statute is construed.

Statutory construction is a question of law, which we review de novo. ***Tex. Lottery Comm'n v. First State Bank of DeQueen***, 325 S.W.3d 628, 635 (Tex. 2010); ***City of Rockwall v. Hughes***, 246 S.W.3d 621, 625 (Tex. 2008). In determining whether the statute applies here, we look to the Legislature's intent. ***Tex. Lottery Comm'n***, 325 S.W.3d at 635. We construe the statute's words according to their plain and common meaning. ***City of Rockwall***, 246 S.W.3d at 625. In construing a statute, the court may consider, among other matters, the object sought to be attained, circumstances under which the statute was enacted, legislative history, the common law or former statutory provisions, including laws on the same or similar subjects, and the caption. TEX. GOV'T CODE ANN. § 311.023 (West 2013).

Title 7 of the Texas Local Government Code is entitled "Regulation of Land Use, Structures, Businesses, and Related Activity." TEX. LOC. GOV'T CODE ANN. Title 7 (West 2008 & Supp. 2012). It contains eleven chapters, each of which provides authority for some aspect of municipal regulation of land use, structures, businesses, and related activity within a municipality. *Id*. Chapter 216, entitled "Regulation of Signs by Municipalities," is intended to authorize a municipality to provide for, or require, the relocation, reconstruction, or removal of any sign in the municipality and to establish the procedure by which the municipality may do so. *Id*. § 216.001(a). With an exception not applicable here, "the owner of a sign that is required to be relocated, reconstructed, or removed is entitled to be compensated by the municipality for costs associated with the relocation, reconstruction, or removal." *Id*. § 216.003(b). A cursory reading of the statute leads to the conclusion that Chapter 216 applies only to regulations enacted by a municipality.

We also consider the legislative history of the statute. The House Committee on State Affairs' Bill Analysis explains as background information that "governments must compensate the owners of outdoor advertising . . . in the case that such advertising is made illegal." House Comm. on State Affairs, Bill Analysis, Tex. H.B. 1330, 69th Leg., R.S. (1985). The purpose of the new law, as explained in that document, was to prohibit political subdivisions from requiring the removal of outdoor advertising, if the structure complied with applicable law when erected, unless the political subdivision pays the owner just compensation. *Id*. Thus, the statute applies to signs that were in existence and legal at the time a new ordinance was passed changing the law, with which the existing sign was not in conformance, automatically making the sign illegal.

This is not the situation in the case before us. Here, Lamar's sign was erected on private property pursuant to a lease. Before the end of the lease term, ownership of the property changed. After the lease expired, the new owner requested that Lamar remove the sign from its property. There is no allegation that the City passed any new sign ordinances and the request had nothing at all to do with sign ordinances. Chapter 216 is inapplicable to this case. Thus, Lamar has not alleged facts showing that the limited waiver of immunity in Chapter 216 provides the trial court with jurisdiction in this case. *See Miranda*, 133 S.W.3d at 226. Accordingly, the City's plea to the jurisdiction was properly granted. *See Jones*, 8 S.W.3d at 638. We overrule Lamar's first issue. We need not address Lamar's remaining issues. *See* TEX. R. APP. P. 47.1.

## DISPOSITION

Because the trial court properly determined it lacked jurisdiction over this case, we *affirm* the trial court's judgment.

## BRIAN HOYLE
Justice

Opinion delivered May 22, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 22, 2013**

**NO. 12-12-00257-CV**

**LAMAR ADVANTAGE OUTDOOR COMPANY, L.P.,**
Appellant
V.
**THE CITY OF TYLER,**
Appellee

Appeal from the 241st Judicial District Court
of Smith County, Texas. (Tr.Ct.No. 11-2186-C)

THIS CAUSE came to be heard on the oral arguments, appellate record, and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the appellant, **LAMAR ADVANTAGE OUTDOOR COMPANY, L.P.,** for which execution may issue, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*