# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00711-CV

**Dr. Eric A. VanderWerff, D.C., Appellant**

**v.**

**Texas Board of Chiropractic Examiners, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT
## NO. D-1-GN-11-002998, HONORABLE ORLINDA NARANJO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Dr. Eric A. VanderWerff, D.C., appeals a final judgment of the trial court granting the Texas Board of Chiropractic Examiners' plea to the jurisdiction and dismissing his lawsuit with prejudice. For the following reasons, we will affirm the trial court's judgment.

## BACKGROUND

Appellant, a licensed chiropractor, appeared before the Board for a contested-case hearing after a complaint was filed with the Board accusing him of providing excessive and unnecessary treatments to a patient. After the hearing, the Board issued an order reversing several key findings and conclusions of the administrative law judge and, instead, determined that appellant violated the Chiropractic Act by engaging in grossly unprofessional conduct and assessed against

him a $1,500 administrative penalty.[1] *See* Tex. Occ. Code § 201.502(a)(1), (7) (Board may discipline chiropractor for violating Board rules or engaging in grossly unprofessional conduct); 22 Tex. Admin. Code § 75.1(a) (Tex. Bd. of Chiropractic Exam'rs, Grossly Unprofessional Conduct) (grossly unprofessional conduct includes "exploiting patients through the fraudulent use of chiropractic services . . . when the services rendered . . . are clearly excessive to the justified needs of the patient as determined by accepted standards of the chiropractic profession"). Appellant filed an untimely motion for rehearing to dispute the Board's order; accordingly, the Board's order became final and was not appealable.[2] *See* Tex. Gov't Code §§ 2001.145 (timely motion for rehearing is prerequisite to appeal in contested case), .146 (motion for rehearing must be filed no later than 20th day after party is notified of order).

Unable to directly appeal the Board's final order, appellant filed a lawsuit against the Board seeking declaratory and injunctive relief. Specifically, he sought a temporary injunction prohibiting the Board from enforcing its final order or "prosecuting any other chiropractor applying the rules and laws in the manner applied in this case." Additionally, he sought declarations determining whether the Board's "interpretation" of certain statutes and regulations are "constitutional

---

[1] Specifically, the Board determined that an earlier disposition by the Texas Workers' Compensation Commission (now known as the Texas Department of Insurance, Division of Workers' Compensation) denying appellant reimbursement for services he provided to a particular patient on the basis that they were not medically necessary was sufficient, without more, to constitute "grossly unprofessional conduct." *See* 22 Tex. Admin. Code § 75.1(a) (Tex. Bd. of Chiropractic Exam'rs, Grossly Unprofessional Conduct).

[2] Appellant concedes that, because he did not exhaust his administrative remedies by filing a timely motion for rehearing, he is not entitled to judicial review of the Board's order via direct appeal. *See* Tex. Gov't Code §§ 2001.145, .171.

or within the scope of authority conferred" on the Board by the legislature. The Board filed a plea to the jurisdiction, which the trial court granted, dismissing appellant's lawsuit with prejudice.

## DISCUSSION

We review a district court's ruling on a plea to the jurisdiction de novo. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998). In determining whether jurisdiction exists, we accept the allegations in the pleadings as true and construe them in favor of the pleader. *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993).

Additionally, sovereign immunity protects the State of Texas, its agencies, and its officials from lawsuits unless the legislature expressly gives its consent to the suit. *Texas Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). Absent the State's consent to suit, a trial court lacks subject-matter jurisdiction. *Id.* Appellant argues that the trial court erred in granting the Board's plea to the jurisdiction because two statutes waived the Board's immunity from suit: section 2001.038 of the Administrative Procedure Act (APA) and the Uniform Declaratory Judgments Act (UDJA). Tex. Gov't Code § 2001.038; Tex. Civ. Prac. & Rem. Code § 37.001 *et seq.*

Under section 2001.038 of the APA, a plaintiff may sue a state agency to determine the "validity or applicability of a rule" when he alleges that "the rule or its threatened application interferes with or impairs, or threatens to interfere with or impair, a legal right or privilege of the plaintiff." Tex. Gov't Code § 2001.038(a); *Texas Logos, L.P. v. Texas Dep't of Transp.*, 241 S.W.3d 105, 123 (Tex. App.—Austin 2007, no pet.) (section 2001.038 is grant of original jurisdiction and waives sovereign immunity). Appellant argues that, while he is not complaining of the Board's final order (and the Board's interpretation and application of the challenged rules therein), he is

complaining about the Board's "interpretation and application" of the challenged rules "going forward." It is this prospective application of the rules, rather than any past or present application of them, that appellant alleges establishes jurisdiction under section 2001.038.

However, the mere possibility that the Board might apply the challenged rules in the same manner to appellant at some point in the future is not sufficient to raise a justiciable controversy. *See Texas Logos*, 241 S.W.3d at 123 (appellant's seeking to challenge validity of agency rules when justiciable controversy had already been addressed through administrative procedures would amount to "mere abstract, advisory opinion"); *Friends of Canyon Lake, Inc. v. Guadalupe-Blanco River Auth.*, 96 S.W.3d 519, 529 (Tex. App.—Austin 2002, pet. denied) (district court lacked subject-matter jurisdiction over section 2001.038 rule challenge where underlying controversy had been extinguished by plaintiff's failure to exhaust administrative remedies). Beyond the Board's actions and interpretation of the challenged rules in the underlying contested case, which is not before us on appeal, appellant did not plead any actions by the Board that constitute an actual threat to apply the rules again in such manner as to potentially impair or interfere with his legal rights. For instance, he did not plead that the Board is currently pursuing any other disciplinary actions against him or even that any other complaints against him have been filed.[3] Instead, appellant's proffered future scenario is based upon hypothetical, speculative facts rather than a justiciable controversy, and litigants may not employ declaratory-judgment actions to obtain impermissible advisory opinions seeking to interpret statutes or agency rules. *See Vista Health Plan, Inc. v. Texas Health & Human Servs. Comm'n*, No. 03-03-00216-CV, 2004 WL 1114551, at *6 (Tex. App.—Austin May 20, 2004,

---

[3] Appellant's mere assertion that he has "failed to prevail in dozens of cases resolving medical fee disputes" is not sufficient to support the speculation that the Board will utilize those unsuccessful fee disputes as support for future disciplinary actions.

pet. denied) (mem. op.) (to constitute justiciable controversy, there must be real and substantial controversy involving genuine conflict of tangible interest and not merely theoretical dispute, and declaratory judgment is only appropriate if judgment will determine controversy between parties); *Texas Health Care Info. Council v. Seton Health Plan, Inc.*, 94 S.W.3d 841, 846 (Tex. App.—Austin 2002, pet. denied) (declaratory judgment appropriate only when justiciable controversy exists, and court may not pass upon hypothetical or contingent situations, as such judgment would be advisory opinion). Accordingly, APA section 2001.038 did not confer on the trial court jurisdiction over appellant's claims.

Regarding whether jurisdiction exists under the UDJA, applicable case law is clear that the act does not create or augment a trial court's subject-matter jurisdiction but merely provides a remedy where subject-matter jurisdiction already exists. *Texas Logos*, 241 S.W.3d at 115. Furthermore, a UDJA action is deemed to be barred jurisdictionally as "redundant" of a pending APA section 2001.038 claim to the extent the official actions from which relief is sought consist of the agency's promulgation or application of a rule. *Texas Dep't of State Health Servs. v. Balquinta*, 429 S.W.3d 726, 747 (Tex. App—Austin 2014, pet. filed); *see SWEPI LP v. Railroad Comm'n of Tex.*, 314 S.W.3d 253, 269-70 (Tex. App.—Austin 2010, pet. denied) (declaratory-judgment claim will not lie when it is redundant of parallel administrative appeal and remedy under APA is same as that provided under UDJA—reversal of agency's final order). The only Board action about which appellant complains is its alleged threatened future application of certain rules.[4] Therefore, his UDJA

---

[4] Although appellant also challenges the Board's "interpretation" of certain *statutes* as unconstitutional, the UDJA does not waive sovereign immunity for an agency's actions taken under a statute but only for declaratory-judgment actions challenging the *validity* of a statute. *Texas Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 622 (Tex. 2011). Appellant's petition does not challenge the

claims are entirely redundant of his APA section 2001.038 claims and, accordingly, the UDJA did not confer jurisdiction on the trial court. We overrule appellant's first issue.

Appellant's second issue asserts that, alternatively, the district court had jurisdiction over this cause of action—independently of a direct appeal—because the Board "exceeded the scope of its statutory authority" in applying its rules to find that appellant had engaged in grossly unprofessional conduct. In other words, appellant contends that he was entitled to collaterally attack the Board's order on the basis of the well-recognized exception to the general rule that an agency's final order is immune from collateral attack: when an agency takes an action that is in excess of its statutory powers. *See Westheimer Indep. Sch. Dist. v. Brockette*, 567 S.W.2d 780, 784-85 (Tex. 1978) (injunctive relief is appropriate when agency exercises authority beyond that statutorily conferred on it, and therefore injunction prohibiting Commissioner of Education from conducting hearing or passing upon questions concerning school district's creation was properly granted because Commissioner did not have statutory authority to review final order of State Board of Education); *Chocolate Bayou Water Co. & Sand Supply v. Texas Natural Res. Conservation Comm'n*, 124 S.W.3d 844, 853 (Tex. App.—Austin 2003, pet. denied) (collateral attacks upon agency order may be maintained on sole ground that order is void either because it shows on its face that agency exceeded its authority or that it was procured by extrinsic fraud). However, apart from the Board's interpretation and application of certain statutes and rules in the context of his contested case, appellant's petition does not allege any actions taken by the Board that were outside of its statutory

---

validity of any statutes. Additionally, the UDJA does not waive sovereign immunity when a plaintiff seeks a declaration of his rights under a statute. *Id.* at 621.

6

authority. *See Friends of Canyon Lake*, 96 S.W.3d at 527-28 (where appellant was merely challenging action of agency—issuing water permits—that agency was permitted under statute to take, such allegation did not implicate collateral-attack exception applying to circumstances where agency is alleged to have acted outside scope of statutory authority).

Here, the Board was fully acting within its statutory authority by participating in the contested-case procedures and issuing an order reversing some of the findings and conclusions of the administrative law judge. *See* Tex. Gov't Code § 2001.058(e) (state agency may change finding of fact or conclusion of law made by administrative law judge if it determines that judge did not properly apply or interpret applicable law, rules, policies, or prior administrative decisions). Although appellant frames his second issue in terms of whether the Board has misinterpreted or misapplied certain statutes and rules and has thus exceeded its statutory authority, it is clear that this claim of the Board "exceeding its authority" arises only in the context of his contested case; that controversy has ceased to exist and is no longer subject to an attempt to obtain a different judgment with respect to the same controversy. *See Vista Health*, 2004 WL 1114551, at *7. Accordingly, we overrule appellant's second issue.

## CONCLUSION

The trial court did not err in granting appellee's plea to the jurisdiction and, accordingly, dismissing appellant's lawsuit with prejudice. Therefore, we affirm the trial court's final judgment.

7

_____

David Puryear, Justice

Before Justices Puryear, Rose, and Goodwin

Affirmed

Filed:   December 18, 2014