

# NUMBER 13-21-00097-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

JUANA HERRERA, JOSE LOPEZ-TORRES,
BLANCA MARTINEZ, JUAN ZAMORA,
SAN JUANITA SOSA, AMERICA RIOS,
RUTH GARZA, ANGEL PEREZ ALANIS,
JUAN TREVINO, MARIA MARGARITA
MARTINEZ, AND THE ASSOCIATION OF
THE HOEHN SUBDIVISION,                                    Appellants,

v.

ESTELLA MATA, IN HER OFFICAL
CAPACITY, ROBERT L. BELL, IN HIS
OFFICIAL CAPACITY, TOMAS GARCIA,
IN HIS OFFICIAL CAPACITY, MARK J.
FRYER, IN HIS OFFICIAL CAPACITY,
WILLIAM DAVIS, IN HIS OFFICIAL
CAPACITY, COSME MARTINEZ, IN HIS
OFFICIAL CAPACITY, AND HIDALGO
COUNTY IRRIGATION DISTRICT NO. 1,                        Appellees.

---

**On appeal from the 92nd District Court
of Hidalgo County, Texas.**

---

# MEMORANDUM OPINION

## Before Justices Benavides, Tijerina, and Peña
## Memorandum Opinion by Justice Tijerina

Appellants Juana Herrera, Jose Lopez-Torres, Blanca Martinez, Juan Zamora, San Juanita Sosa, America Rios, Ruth Garza, Angel Perez Alanis, Juan Trevino, Maria Margarita Martinez, and the Association of the Hoehn Subdivision appeal the trial court's order granting a plea to the jurisdiction filed by appellees Estella Mata, in her official capacity, Robert L. Bell, in his official capacity, Tomas Garcia, in his official capacity, Mark J. Fryer, in his official capacity, William Davis, in his official capacity, Cosme Martinez, in his official capacity, and Hidalgo County Irrigation District No. 1 (collectively the District). By three issues, appellants assert the trial court has subject matter jurisdiction over their claims. In issues one through three, appellants argue appellees acted ultra vires by (1) refusing to cancel and remove delinquent taxes on real property as required by § 33.05 of the tax code, (2) retroactively levying taxes on real property no longer in the District's jurisdiction, and (3) not providing notice to appellants in violation of § 58.306 of the water code and adding interest and attorney's fees in violation of § 58.313. We reverse and remand.

## I.    BACKGROUND

The District is a special purpose irrigation district formed under the authority of the Texas Constitution primarily to deliver untreated water for irrigation and to provide for the drainage of lands. *See* TEX. WATER CODE ANN. §§ 58.011, 58.121. Appellants currently own property that was irrigable land within the District.

According to the District, appellants allegedly owed the District "charges and assessments" for the years 1983 through 1997. In 2019, the District hired a firm to collect the assessments that were past due. The firm mailed each appellant notice that the amount of $237 was past due plus $1,139 to $1,211 in interest and attorney's fees from the years 1983 through 1997. In November and December 2019, Herrera and Lopez-Torres began making payments to the firm but stopped making payments thereafter.

Appellants contacted the firm, demanding that the delinquent sums "be removed from the tax rolls" and claiming that removal was required pursuant to § 33.05 of the Texas Tax Code. *See* TEX. TAX CODE ANN. § 33.05(c)(1) (providing that the tax collector shall cancel and remove from the delinquent tax roll taxes on real property that have been delinquent for more than twenty years). Appellants insisted that these charges were in violation of the tax code, not listed in the Hidalgo County tax appraisal rolls, and therefore needed to be removed. Herrera and Lopez-Torres additionally sought a refund for the payments they had made.

The firm responded, asserting the District was governed by the Texas Water Code, not the tax code, and the amount owed was an assessment pursuant to § 58.509 of the water code. *See* TEX. WATER CODE ANN. § 58.509 (providing that "[c]harges or assessments imposed by a district . . . shall constitute a lien against the land to which the charges or assessments have been established" and that "[n]o law providing limitation against actions for debt shall apply"). The firm also informed appellants that their property was within the District's jurisdiction from 1983 until 1997 as reflected in the Hidalgo County deed records, and the assessments imposed on the property for this time period

3

were not paid by appellants or prior owners of the property.

On August 18, 2020, appellants sued the District and asserted that the District acted ultra vires in seeking to collect taxes in violation of the tax code, requested a refund for the payments they allegedly made pursuant to § 31.11 of the tax code, sought declaratory relief that the District acted without legal authority, and sought an injunction enjoining the District from levying assessments against appellants' property. *See* TEX. TAX CODE ANN. § 31.11 (providing that the tax collector shall refund erroneous payments of taxes).

The District filed a plea to the jurisdiction asserting the trial court lacked jurisdiction for the following reasons: (1) pursuant to § 49.066 of the water code, no suit may be instituted for contesting "obligations" under the water code; (2) appellants' request for monetary relief was barred by § 58.305 of the water code because they failed to exhaust available administrative remedies challenging flat rate assessments; and (3) § 58.509 of the water code mandated that assessments constituted a lien against the land, and no law providing for limitation against actions for debt applied to appellants' claims.

Appellants responded asserting that the District, as a "taxing unit" under the tax code, had a purely ministerial duty to remove taxes from the tax rolls that were more than twenty years old pursuant to § 33.05. Alternatively, appellants asserted that the District was acting outside of its authority in levying assessments against properties no longer in the District's jurisdiction and in levying interest and attorney's fees.

The trial court held a hearing on November 12, 2020, and it granted the District's plea to the jurisdiction on March 22, 2021. This appeal followed. *See* TEX. CIV. PRAC. &

REM. CODE ANN. § 51.014(a)(8).

## II.  STANDARD OF REVIEW & APPLICABLE LAW

"Subject matter jurisdiction is essential to the authority of a court to decide a case." *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). "A plea to the jurisdiction challenges a trial court's authority to decide the subject matter of a specific cause of action." *Slay v. Tex. Comm'n on Env't Quality*, 351 S.W.3d 532, 544 (Tex. App.—Austin 2011, pet. denied) (citing *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004)). The trial court's ruling on a plea to the jurisdiction is subject to de novo review. *Suarez v. City of Texas City*, 465 S.W.3d 623, 632 (Tex. 2015).

A plea to the jurisdiction may challenge either the sufficiency of jurisdictional allegations in the pleadings or the existence of jurisdictional facts. *Miranda*, 133 S.W.3d at 226–27. When a plea to the jurisdiction challenges the sufficiency of the pleadings, we determine whether the plaintiff has met that burden by pleading facts that affirmatively demonstrate the trial court's subject matter jurisdiction.[1] *Id.* at 226. To the extent that these facts are not negated, we take them as true and construe them liberally with an eye toward the pleader's intent. *Id.* at 228. Our ultimate inquiry is whether the pleaded facts would affirmatively demonstrate a claim or claims within the trial court's subject-matter jurisdiction. *Id.* at 226. If the pleadings are insufficient to establish jurisdiction but do not affirmatively demonstrate an incurable defect, then the issue is one of pleading sufficiency

---

[1] In its plea to the jurisdiction, the District did not challenge the sufficiency of the pleadings, nor the existence of jurisdictional facts. Because the District did not file evidence to support its plea to the jurisdiction, we construe the plea to the jurisdiction strictly as a challenge to the pleadings. *See La Joya Indep. Sch. Dist. v. Gonzalez*, 532 S.W.3d 892, 903 (Tex. App.—Corpus Christi–Edinburg 2017, pet. denied) ("A defendant cannot simply deny the existence of jurisdictional facts and force the plaintiff to raise a fact issue . . . . In other words, a defendant may not advance a 'no-evidence' plea to the jurisdiction.").

5

and the plaintiff should be afforded the opportunity to amend. *Id.* at 226–27. On the other hand, if the pleadings affirmatively negate the existence of the trial court's jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend. *Id.*

"Sovereign immunity protects the State from lawsuits for money damages." *Tex. Nat. Res. Conservation Comm'n v. IT–Davy*, 74 S.W.3d 849, 853 (Tex. 2002). Political subdivisions of the state, including irrigation districts, are entitled to such immunity— referred to as governmental immunity—unless it has been waived. *See Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n.3 (Tex. 2003). Sovereign immunity encompasses immunity from suit, which bars a suit unless the state has consented, and immunity from liability, which protects the state from judgments even if it has consented to the suit. *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). Sovereign immunity from suit deprives a trial court of subject-matter jurisdiction. *Miranda*, 133 S.W.3d at 224; *Jones*, 8 S.W.3d at 638. We defer to the Legislature to waive such immunity. *See IT–Davy*, 74 S.W.3d at 854.

### III.   WATER CODE V. TAX CODE

In issue one, appellants assert the trial court has jurisdiction over their claims because the District acted ultra vires by "refusing to cancel and remove over 20-year-old delinquent taxes on real property as required by [§] 33.05 of the Tax Code."

### A.   Water Code

Irrigation districts are governed by Chapter 55 of the Texas Water Code and operate under Chapter 58 of the same code. *See* TEX. WATER CODE ANN. § 58.011; *Ward*

6

*Cnty. Irrigation Dist. No. 1 v. Red Bluff Water Power Control Dist.*, 170 S.W.3d 696, 705 (Tex. App.—El Paso 2005, no pet.). Pursuant to Chapter 58, irrigation districts "shall allocate a portion of the estimated maintenance and operating expenses" by levying assessments "against all irrigable land in the district on a per acre basis, whether or not the land is actually irrigated." TEX. WATER CODE ANN. § 58.305(a). The District's board of directors determines the amount of the expenses, "which will be borne by all water users receiving water delivery from the district." *Id.* at § 58.305(b). "All landowners are personally liable for assessments imposed" and § 58.312 authorizes "suits for delinquent water assessments or other amounts owed to the district." *Id.* § 58.312. Furthermore, § 58.509 states: "Charges or assessments imposed by a district for maintenance and operation of works, facilities, and services of the district shall constitute a lien against the land to which the charges or assessments have been established. No law providing limitation against actions for debt shall apply." *Id.* § 58.509.

**B.    Tax Code**

Under the tax code, the tax assessor prepares and mails a tax bill to each person in whose name the property is listed on the tax roll by October 1. *See* TEX. TAX. CODE ANN. §§ 31.01(a). "[T]he chief appraiser [of an appraisal district] shall prepare and certify to the assessor for each taxing unit participating in the district that part of the appraisal roll for the district that lists the property taxable by the unit. The part certified to the assessor is the appraisal roll for the unit." *Id.* § 26.01(a). "[T]he chief appraiser shall prepare and certify to the assessor for each county, municipality, and school district participating in the appraisal district an estimate of the taxable value of property in that

7

taxing unit." *Id.* § 26.01(e).

Before real property taxes may be assessed on the taxpayer, the tax assessor must comply with a litany of requirements, including: (1) identifying the property subject to the tax; (2) stating the appraised, assessed, and taxable value of the property; (3) stating the market value and the taxable value; (4) stating the assessment ratio; (5) stating the type and amount of any exemptions, including whether it applies to appraised or assessed value; (6) stating the total tax rate; (7) stating the amount of tax due, the due date, and the delinquency date; (8) explaining any payment options and discounts if available to the taxpayer; (9) stating the rates of penalty and interest imposed for delinquent payment; (10) including the name and phone number of the assessor; and (11) the current tax year and each of the preceding tax years, stating: the appraised value and taxable value of the property, the total tax rate, the amount of taxes imposed on the property, the difference expressed as a percent increase or decrease, in the amount of taxes imposed on the property compared to the amount imposed for the preceding tax year, among other various requirements. *Id.* § 31.01(c). Section 31.11 states that if "a taxpayer applies to the tax collector . . . for a refund of an overpayment tor erroneous payment of taxes," and "the collector for the unit determines that the payment was erroneous or excessive" and "the auditor for the unit agrees the collector's determination," then the "collector shall refund the amount." *Id.* § 31.11(a).

## C.    Discussion

Appellants claim that the District acted ultra vires in seeking to recover taxes in violation of § 33.05 of the tax code. *See* TEX. TAX CODE ANN. § 33.05 (providing that if

8

there is no pending litigation concerning delinquent tax, the collector shall cancel and remove for the delinquent tax roll taxes on real property that has been delinquent for more than twenty years). Here, the District did not sue appellants pursuant to the tax code. *See id.* Furthermore, appellants did not apply for a refund from the tax assessor, a collector did not agree with appellants that they were owed a refund, and an auditor did not agree with the taxpayer and tax collector that a refund was warranted.[2] *See id.* § 33.11(a). Nonetheless, appellants rely on a notice from the District wherein the District sought to recover "delinquent taxes." However, in a letter dated January 13, 2020, the District clarified to appellants that the District sought to recover "charges and assessments" pursuant to § 58.509 and § 55.604 of the water code.[3] *See* TEX. WATER CODE ANN. § 58.509. At no time did the District make any references to the tax code in any correspondence to appellants. *See* TEX. WATER CODE ANN. § 58.509; *Miranda*, 133 S.W.3d at 224. Therefore, we conclude that chapter 31 of the tax code does not apply as a matter of law.[4] *See Maverick Cnty. Water Control & Imp. Dist. No. 1 v. State*, 456 S.W.2d 204, 206 (Tex. Civ. App.—San Antonio 1970, writ ref'd) ("Although the power of

---

[2] Appellants concede that none of these assessments are listed in the Hidalgo County Appraisal Rolls, which would then require removal.

[3] Although the District may have initially used the word "taxes," the District explains that "any colloquial description of Water Code Assessment as taxes is merely used to describe it in a familiar and informal way, but it does not change the assessment's actual legal characters and existence as an assessment."

[4] Appellants also attached a 2014 judgment pursuant to Chapter 33 of the tax code wherein several plaintiffs, including the District, sued Maria San Juanita Quintanilla. However, Quintanilla is not a party to this appeal, was not a party to the underlying proceedings, and was not involved in the proceedings below in any manner. Moreover, the fact that another suit was prosecuted under the tax code is not evidence that the District was seeking to recover delinquent taxes under the tax code in this case because the District is also a "taxing unit" under the Texas Tax Code and is additionally authorized to impose ad valorem taxes on property. *See* TEX. TAX CODE ANN. § 1.04(12).

a governmental agency to levy special assessments for local improvements is generally recognized to be an exercise of the taxing power, there are numerous decisions holding that a special assessment is not a 'tax' in the sense in which that word is ordinarily used."). Accordingly, the District was not acting ultra vires by "refusing to cancel and remove" delinquent taxes on their property pursuant to the tax code. We overrule appellants' first and fourth issues.

## IV.  ULTRA VIRES

By their second and third issues, appellants argue that the District acted without legal authority in "retroactively assess[ing] amounts owed" when appellants' properties are "no longer in the jurisdiction of the District" and by not providing appellants notice of the assessments.

## A.  Applicable Law

While a waiver of governmental immunity is usually required for suit against a governmental entity, "an action to determine or protect a private party's rights against a state official who has acted without legal or statutory authority is not a suit against the State that sovereign immunity bars." *City of El Paso v. Heinrich*, 284 S.W.3d 366, 368 (Tex. 2009). Suits that "require state officials to comply with statutory or constitutional provisions are not prohibited by sovereign immunity, even if a declaration to that effect compels the payment of money." *Id.* at 372. "To fall within this ultra vires exception, a suit must not complain of a government officer's exercise of discretion, but rather must allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act." *Id.* A ministerial act is one "where the law prescribes and defines

10

the duties to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment." *Hall v. McRaven*, 508 S.W.3d 232, 238 (Tex. 2017) (quoting *Sw. Bell Tel., L.P. v. Emmett*, 459 S.W.3d 578, 587 (Tex. 2015)).

## B.      No Statute of Limitations

Section 58.305 expressly authorizes the District to levy assessments against all irrigable land in the district on a per acre basis, whether or not the land is actually irrigated. *See* TEX. WATER CODE ANN. § 58.305(a). It is undisputed that appellants' property was within the District's jurisdiction for the years 1983 to 1997 and was subject to the District's assessments for this time period. *See id.* § 58.305. Furthermore, there is no statute of limitations for the recovery of an assessment after a property is no longer within the District's jurisdiction:

> Charges or assessments imposed by a district for maintenance and operation of works, facilities, and services of the district shall constitute a lien against the land to which the charges or assessments have been established. No law providing limitation against actions for debt shall apply.

*Id.* § 58.509.

In their pleading, appellants argued that the District acted ultra vires by retroactively levying assessments because their "properties were removed from the District's jurisdiction between 1997 and 1999." However, the water code imposes a lien against the land for which assessments have been established and "no law providing limitation against actions for debt shall apply." *See id.* Therefore, *if* the debts accrued when the properties were within the District's jurisdiction, we conclude that the District may recover assessments owed to it without regard to whether the property is now outside the District's jurisdiction because no statute of limitations for this recovery applies. *Id.;*

11

*see id.* § 55.604; *see also* Tex. Att'y Gen. Op. No. GA-0237 (2004). ("[A]ssessments are charges imposed for purposes that do not require that they be imposed annually, or with reference to time."). Furthermore, § 58.312 authorizes suits for delinquent water assessments, and "[a]ll landowners are personally liable for assessments imposed." TEX. WATER CODE ANN. § 58.312.

Because the water code authorizes the District to levy assessments on "all land in the district to which the [D]istrict can furnish irrigation water through its water delivery system" for its maintenance costs and it is undisputed that appellants' properties were within the District's jurisdiction during 1983 through 1997, we conclude that the District did not act ultra vires in seeking to recover assessments on property within the District's jurisdiction during those years. *See id.* § 58.305(a); *see also id.* § 55.604 (providing that "assessments . . . for maintenance and operation of the district are liens against the land . . . until the assessments are paid" and "these debts cannot be barred by limitation").

## C.     The District has a Ministerial Duty to Provide Notice

Appellants further argue that they properly pleaded an ultra vires claim because the District did not provide them with notice of these assessments. According to appellants, the sums were never properly assessed against their property and an assessment cannot become due unless the District has complied with the notice requirements in the water code. *See id.* § 58.306(a) (requiring public notice by posting a printed notice of the assessment in a public place in the district), (b) (requiring notice to be mailed to each landowner). Furthermore, appellants argue that any collection of attorney's fees and interest is similarly ultra vires when the District failed to provide them

with notice.

The water code requires public notice of assessments by posting a printed notice of the assessment in at least one public place in the district. *Id.* § 58.306(a). Additionally, "[n]ot later than the fifth day before the date on which the assessment is due, notice shall be mailed to each landowner." *Id.* § 58.306(b). Section 58.310 states that the District "shall keep posted in a public place in the district a correct list of all persons who are delinquent in paying assessments." *Id.* § 58.310. Section 58.313, entitled "Interest and Collection Fees," states that "[a]ll assessments imposed under [§] 58.305(a), shall bear interest from the date the payment is due at the rate of 15 percent a year," if the assessments are not timely paid. TEX. WATER CODE ANN. § 58.313(a). If a delinquent assessment is collected by an attorney, "an additional amount of 15 percent on the unpaid assessment . . . shall be added as collection or attorney's fees." *Id.* § 58.313(b).

In its plea to the jurisdiction, the District: (1) did not dispute that it failed to provide appellants with notice of the assessments when the assessments became due; (2) did not assert that it provided appellants with notice of any liens which may have attached to any past due assessments; (3) did not refute appellants' assertions in the trial court that they were without notice of any pending liens; and (4) provided no evidence that it performed the ministerial task of providing appellants with notice of the assessments. *See Hall,* 508 S.W.3d at 238. Instead, the District states on appeal that the previous property owners *may have* received notice of the assessment when it became due during the years 1983–1997. However, the water code imposes a purely ministerial duty upon the District to provide appellants with *some* type of notice—the District may not exercise its judgment

13

or discretion otherwise. *See id.* § 58.306(a) (requiring the posting of a printed notice of the assessment in at least one public place in the district); § 58.306(b) (requiring the mailing to each landowner notice of the assessment); *Hall*, 508 S.W.3d at 238.

To the extent that the District argues that any alleged past due assessments became a lien on the land regardless of whether the District may have originally provided appellants notice of the incurred assessment, the District *still* did not provide evidence that it affixed or recorded any liens to warrant additional attorney's fees and interest. *See id.* § 58.310 (requiring posting in the district a list of all persons who are delinquent in paying assessments). Therefore, even assuming these assessments are now liens attached the land, appellants have alleged they have not received notice of the liens, and the District does not refute this assertion. Because we must accept as true appellants' allegations that they did not receive notice of any assessment or lien, *see Miranda*, 133 S.W.3d at 226, and because the District did not refute that it provided appellants with any type of notice, including notice of any pending liens, we find the pleadings are sufficient to confer the trial court with jurisdiction over appellants' claim that the District acted ultra vires in not complying with the notice requirements of the water code. *See* Tex. Water Code Ann. § 58.306(a), (b); *Hall*, 508 S.W.3d at 238. Accordingly, we sustain appellants' second issue in part, and we sustain appellants' third issue.[5]

### V. CONCLUSION

---

[5] By their remaining issues, appellants assert that § 49.066(d) and § 58.305(d) "do not bar their claims." However, we have determined that appellants pleaded an ultra vires claim. Therefore, we need not determine whether these additional provisions bar their claim as this issue is not dispositive. *See* Tex. R. App. P. 47.1.

14

We reverse the trial court's judgment granting the District's plea to the jurisdiction, and we remand the case to the trial court for proceedings consistent with this opinion.

JAIME TIJERINA
Justice

Delivered and filed on the
20th day of April, 2023.